**Exhibit B**

# U.S. Freezes Visas to 75 Countries

Read the leaked diplomatic cable

**KEN KLIPPENSTEIN**

JAN 14, 2026



Secretary of State Marco Rubio and President Trump

In the latest sign of the sheer scale of the administration's war on immigration, the State Department has moved to pause all immigrant visa issuances for applicants from 75 different of countries, according to a U.S. diplomatic cable leaked to me.

That's over one-third of the total number of countries in existence (193)!

Effective January 21, the directive was signed by Secretary of State Marco Rubio earlier today. Citing the Immigration and Nationality Act, the order claims concerns over immigrants being "financially self-sufficient" as the supposed reason for the freeze.

"President Trump has made clear that immigrants must be financially self-sufficient to protect public benefits for American citizens," the cable reads. "Applicants from these countries are at a high risk for becoming a public charge and recourse to local, state, and federal government resources in the United States."

The nationalities affected include:

> Afghanistan, Albania, Algeria, Antigua and Barbuda, Armenia, Azerbaijan, Bahamas, Bangladesh, Barbados, Belarus, Belize, Bhutan, Bosnia, Brazil, Burma, Cambodia, Cameroon, Cape Verde, Colombia, Cote d'Ivoire, Cuba, Democratic Republic of the Congo, Dominica, Egypt, Eritrea, Ethiopia, Fiji, The Gambia, Georgia, Ghana, Grenada, Guatemala, Guinea, Haiti, Iran, Iraq, Jamaica, Jordan, Kazakhstan, Kosovo, Kuwait, Kyrgyzstan, Laos, Lebanon, Liberia, Libya, Macedonia, Moldova, Mongolia, Montenegro, Morocco, Nepal, Nicaragua, Nigeria, Pakistan, Republic of the Congo, Russia, Rwanda, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Senegal, Sierra Leone, Somalia, South Sudan, Sudan, Syria, Tanzania, Thailand, Togo, Tunisia, Uganda, Uruguay, Uzbekistan, and Yemen

I've enclosed a screenshot of the diplomatic cable below.

UNCLASSIFIED
SBU

 

| | |
|---|---|
| **Action Office:** | |
| **Info Office:** | ALDAC, DIRECTOR |
| **MRN:** | 26 STATE 3740   Reply |
| **Date/DTG:** | Jan 14, 2026 / 141945Z JAN 26 |
| **From:** | SECSTATE WASHDC |
| **Action:** | ALL DIPLOMATIC AND CONSULAR POSTS COLLECTIVE *Immediate* |
| **E.O.:** | 13526 |
| **TAGS:** | CVIS, CMGT |
| **Captions:** | SENSITIVE |
| **Reference:** | A) 25 STATE 102426 |
| | B) 25 STATE 113496 |
| **Subject:** | Pausing Immigrant Visa Issuances for Nationalities at High Risk of Public Charge |

1. (U) This is an action request. Please see paragraphs 4-7.

2. (SBU) SUMMARY and ACTION REQUEST: Effective January 21, consular officers must refuse under Section 221(g) of the Immigration and Nationality Act to **all immigrant visa applicants** who have not been refused under another ground of ineligibility, if the applicant is a national of the following countries:

Afghanistan, Albania, Algeria, Antigua and Barbuda, Armenia, Azerbaijan, Bahamas, Bangladesh, Barbados, Belarus, Belize, Bhutan, Bosnia, Brazil, Burma, Cambodia, Cameroon, Cape Verde, Colombia, Cote d'Ivoire, Cuba, Democratic Republic of the Congo, Dominica, Egypt, Eritrea, Ethiopia, Fiji, The Gambia, Georgia, Ghana, Grenada, Guatemala, Guinea, Haiti, Iran, Iraq, Jamaica, Jordan, Kazakhstan, Kosovo, Kuwait, Kyrgyzstan, Laos, Lebanon, Liberia, Libya, Macedonia, Moldova, Mongolia, Montenegro, Morocco, Nepal, Nicaragua, Nigeria, Pakistan, Republic of the Congo, Russia, Rwanda, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Senegal, Sierra Leone, Somalia, South Sudan, Sudan, Syria, Tanzania, Thailand, Togo, Tunisia, Uganda, Uruguay, Uzbekistan, and Yemen

The Department is undergoing a full review of all policies, regulations, and guidance to ensure the highest level of screening and vetting of every visa applicant. Applicants from these countries are at a high risk for becoming a public charge and recourse to local, state, and federal government resources in the United States. Consular officers should continue to conduct interviews and fully assess each applicant for all possible ineligibilities, including INA 212(a)(4), Public Charge. END SUMMARY AND ACTION REQUEST

3. (U) President Trump has made clear that immigrants must be financially self-sufficient to protect public benefits for American citizens. In November, the Department underscored consular officers' critical responsibility to assess the totality of circumstances to determine an applicant's eligibility under INA 212(a)(4) (Ref B). As part of its ongoing review of all visa vetting protocols and guidance to consular officers, in order to ensure robust enforcement of all U.S. immigration laws, the Department is directing consular officers to take this action based on indication of nationals from these countries having sought public benefits in the United States, and in order to allow the Department to evaluate and enhance screening and vetting procedures and guidance related to the public charge ground of ineligibility. Exceptions to this guidance will be very limited and in cases that follow appropriate procedures for establishing that an applicant is not likely to become a public charge in the United States, and ineligible under INA section 212(a)(4).

4. (SBU) **Implementation Guidance**: Immigrant Visa issuance to applications from these countries is paused until further notice. However, interview appointments for applicants from these nationalities should not be cancelled. Consular officers should continue to adjudicate all immigrant visa cases and carefully evaluate all potentially applicable grounds of ineligibility, including assessing whether an applicant is likely to become a public charge, in accordance with guidance in 9 FAM 302.8-2. If an officer believes an applicant is likely to become a public charge and ineligible under INA section 212(a)(4)(a), the officer should refuse the applicant under that ground and include detailed case notes explaining this finding. Officers should assess all other potential grounds of ineligibility first, and if an officer has not refused the applicant under any other ground, the officer should make detailed case notes explaining all aspects of the case (including the factors highlighted in Ref. B) where additional information could yield more data concerning the applicant's eligibility vis-à-vis 212(a)(4). Officers should then refuse the applicant 221(g) while the Department develops additional screening and vetting tools, polices, and operations to more accurately identify any IV applicant likely to become a public charge. **Officers should include the hashtag "#4AIVPause" in the case notes for any applicant that has not already been refused under any other ground of ineligibility, including public charge.**

5. (SBU) If an officer refuses an applicant under 4(a) and then the applicant provides additional evidence that demonstrates he or she overcomes the public charge refusal, the consular officer should write detailed case notes including the hashtag "#4AIVPause", CLOK the 4(a) hit, and refuse the applicant 221(g).

6. (SBU) Like with nationalities suspended entry under INA section 212(f), posts should request any missing documents necessary to show the applicant is qualified for the visa, but time-limited documents like police clearances and medicals are not necessary for a 221(g) refusal related to the immigrant visa issuance pause, and posts may refuse an application 221(g) if the applicant declines to provide them. Posts should request all documentation necessary to resolve potential ineligibilities and enter appropriate 221(g) refusals for the missing documentation.

7. (SBU) For nationals of countries who are subject to a suspension of immigrant visas under 212(f) per Presidential Proclamation 10998, posts should refuse cases F251 per guidance in REF A. If an applicant qualifies for an exception to PP 10998, posts should refuse that applicant 221(g) consistent with the guidance in paragraphs 4 and 5 above.

8. (SBU) **Exceptions**: Dual nationals applying with a valid passport of a country that is not subject to this directive are not subject to this directive and may be processed to issuance. Clearly document the application of this exemption in case notes and continue to process the visa to conclusion. If an applicant is able to demonstrate his or her travel would serve a specific U.S. national interest, consistent with Executive Order 14150 "America First Policy Directive to the Secretary of State," which directs the Secretary of State to always put America and American citizens first, consular sections should reach out to their VO/F analyst to discuss appropriate steps to robustly assess the applicant's eligibility under INA section 212(a)(4)(a).

9. (SBU) **Already Approved Cases**: If post has print-authorized an immigrant visa for an applicant from a nationality included in the pause but the visa has not been printed, the consular officer must refuse the case under 221(g), inform the applicant, and post may not print the visa foil. For cases in which the applicant's visa was printed but has not left the consular section, the consular officer must CWOP the foil, open the case in the system, and refuse the case under 221(g). The consular officer **must** also inform the applicant of the 221(g) refusal and that additional administrative processing is necessary to determine their eligibility for a visa under U.S. law. No action should be taken for issued visas which have already left the consular section. No visas issued previously should be revoked pursuant to this guidance. Issued visas remain valid for travel. Only DHS may make determinations on the admission of visa holders into the United States.

10. (U) **Inquiries**: Post must refer any U.S. media inquiries to CA-Press@state.gov and Congressional inquiries to ConsularOnTheHill@state.gov. Once cleared press guidance specific to this pause in DV issuance is posted on CA Web and Content Commons, posts may respond to requests from international media using those points, copying CA-Press@state.gov.

11. (U) Please contact your VO/F analyst with any questions regarding application of this guidance

Signature:        RUBIO

XMT:        BASRAH, AMCONSUL; CARACAS, AMEMBASSY; CHENGDU, AMCONSUL; KABUL, AMEMBASSY; MINSK, AMEMBASSY; SANAA, AMEMBASSY; ST PETERSBURG, AMCONSUL; VLADIVOSTOK, AMCONSUL; YEKATERINBURG, AMCONSUL