

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
Washington, D.C. 20530

---

June 3, 2026

FILED ELECTRONICALLY BY ECF

Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

      Re:  Response to Plaintiffs' Notice of Supplemental Authority, *CLINIC et al. v. Rubio, et al., 26-cv-858-JAV*

Dear Judge Vargas:

      Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority concerning *Ullah v. LaFave*, No. 1:25-cv-12804-LTS, 2026 WL 1541774 (D. Mass. June 2, 2026). *Ullah* does not affect the issues before this Court or undermine Defendants' arguments.

      First, *Ullah* is a nonbinding, out-of-circuit preliminary-injunction ruling arising in a materially different posture. The court considered whether to enter applicant-specific interim relief for a single visa applicant, Nur Ullah, based on a record that included a consular communication stating that, "[a]s a result of this pause," his case had been found ineligible. *Id.* at *4–5. The resulting order did not vacate the January 14 materials or grant facial relief; it enjoined Defendants only "from applying the Nationality-Based Pause to Nur Ullah's immigrant-visa application" and ordered Defendants to "lift the Pause as to him." *Id.* at *13. That limited, applicant-specific relief does not resolve the distinct standing, finality, and remedial issues presented by Plaintiffs' request for facial APA relief in this case.

      Second, *Ullah* does not address several issues central to the pending cross-motions. The court found likely success only on the theory that the pause is contrary to law and in excess of statutory authority, and expressly declined to reach the plaintiffs' other APA theories. *Id.* at *9 n.16. It did not address Plaintiffs' notice-and-comment theory, *Accardi* theory, § 1152 theory, organizational standing theory, associational standing theory, or request for vacatur. Those issues remain for the Court to resolve under the governing law and the case-specific record here.

      Third, *Ullah* does not resolve the finality issue presented here. The court did not apply controlling Second Circuit authority, and its finality analysis arose in an as-applied posture, after

1

a consular section had applied the pause to a specific applicant and communicated a case-specific § 221(g) outcome. *Id.* at *8. Whatever legal consequences the *Ullah* court perceived thus arose from the interaction between the January 14 materials and a concrete consular adjudication. That does not establish whether the January 14 materials, standing apart from applicant-specific applications, constitute final agency action for purposes of Plaintiffs' facial APA challenge or support the facial vacatur that Plaintiffs seek here.

Finally, the individualized equities in *Ullah* underscore the ruling's limited nature. In finding irreparable harm, the court relied on the petitioner's advanced age, worsening health, asserted need for caregiving support, and the risk of losing irreplaceable time with his son. *Id.* at *11. Those applicant-specific facts have no bearing on whether the organizational Plaintiffs here have Article III standing or whether facial vacatur would be an appropriate APA remedy.

For these reasons, *Ullah* does not disturb Defendants' pending request that the Court deny Plaintiffs' motion for partial summary judgment and grant Defendants' motion for partial summary judgment.

Dated: June 3, 2026

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MATT SEAMON
Assistant Director

ANGEL FLEMING
Trial Attorney

Respectfully submitted,

*/s/ Julian M. Kurz*
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-7283
julian.m.kurz@usdoj.gov

*Counsel for Defendants*