

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
Washington, D.C. 20530

August 4, 2026

FILED ELECTRONICALLY BY ECF
Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

      Re:   *CLINIC et al. v. Rubio, et al.*, 26-cv-858-JAV — Response to Plaintiffs' Notice of
           Supplemental Authority Concerning *Gomes*

Dear Judge Vargas:

      Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental
Authority concerning *Newton De Moura Gomes v. Rubio*, No. 26-cv-01883 (APM) (D.D.C. July
31, 2026). The parties in *Gomes* agreed to consolidate the preliminary-injunction proceeding with
the merits under Federal Rule of Civil Procedure 65(a)(2), and the court treated the motion as one
for summary judgment. Slip op. at 7–8. The court entered judgment for the plaintiffs on the
contrary-to-law and unlawfully withheld claims (Counts V and I), dismissed the mandamus claim
(Count III), did not reach the unreasonable-delay and ultra vires claims (Counts II and IV), and
issued a final, appealable order. *Id.* at 13, 19; Order at 1.

      *Gomes* ruled on several issues presented by the pending motions. Although the defendants
in *Gomes* did not dispute the first *Bennett* prong, the court held that the policy established by the
January 14 cable satisfied both prongs. Slip op. at 9–11. The court also held that consular
nonreviewability did not apply. *Id.* at 15–16. Finally, the court held that the policy was contrary to
8 U.S.C. §§ 1104(a), 1201(a)(1)(A), 1202(b), and 1182(a)(4). *Id.* at 11–13.

      *Gomes* left several other issues unresolved. First, the court expressly declined to reach
Count V's nationality-discrimination component, *id.* at 13, and the opinion did not address the 8
U.S.C. § 1152 theory advanced by the Plaintiffs here, *see* Dkt. 64 at 9–12; Dkt. 67 at 5–6. Second,
*Gomes* did not involve notice-and-comment or *Accardi* claims. *See* Slip op. at 7; Dkt. 64 at 16–
25; Dkt. 67 at 8–13, 17–19. Third, *Gomes* resolved causation and redressability only for the
applicants before that court. Slip op. at 8–9. It did not address the standing of the individual
Plaintiffs here, CLINIC's organizational standing, or ACT's organizational or associational
standing. *See id.* at 1; Dkt. 64 at 25–30; Dkt. 67 at 13–17.

      Although *Gomes* entered a merits judgment, the coercive relief was application-specific.
The Order declared unlawful the policy established by the January 14 cable and Defendants'

withholding of approval of the *Gomes* plaintiffs' immigrant visas based on that policy. Order at 1. The injunction prohibited Defendants from applying the policy to Gomes's EB-5 application, on which his wife and daughters were derivative beneficiaries, and required individualized readjudication within 60 days after a consular officer deemed the application complete. *Id.* The court left the consular officer free to request additional information and did not compel any particular visa determination. Slip op. at 19. The *Gomes* plaintiffs neither requested nor obtained policywide vacatur. *Id.* at 7, 19. By contrast, Plaintiffs here seek declaratory relief and policywide vacatur of the January 14 materials. Dkt. 64 at 32–33.

*Gomes* separately entered judgment on Count I under 5 U.S.C. § 706(1). Slip op. at 19. The plaintiffs invoked 8 U.S.C. §§ 1202(b) and 1201(g), together with implementing regulations, as sources of a discrete adjudicatory duty. The court stated that the *Gomes* defendants had not addressed that theory, treated the point as conceded, and assumed that such a duty existed. *Id.* at 14–15. The court then applied the *TRAC* factors to the applicant-specific record. *Id.* at 16–19. By contrast, the pending cross-motions present no § 706(1) claim or *TRAC* issue, so *Gomes*'s § 706(1) ruling does not resolve any claim before this Court. *See* Dkt. 64 at 33; Dkt. 67 at 1.

*Gomes* is nonbinding and does not resolve the full set of claims, standing questions, or remedial issues presented by the pending cross-motions. Its § 706(1) ruling has no counterpart here, and its application-specific relief does not establish that Plaintiffs are entitled to policywide vacatur. The Court therefore should resolve the pending motions under governing law and the record in this case, deny Plaintiffs' motion for partial summary judgment, and grant Defendants' cross-motion.

Respectfully submitted,

BRETT A. SHUMATE                           */s/ Julian M. Kurz*
Assistant Attorney General                 JULIAN M. KURZ
Civil Division                             Trial Attorney
                                           U.S. Department of Justice
MATT SEAMON                                Office of Immigration Litigation
Assistant Director                         P.O. Box 868, Ben Franklin Station
                                           Washington, DC 20044
SUSAN ANSARI                               (202) 598-7283
Trial Attorney                             julian.m.kurz@usdoj.gov

                                           *Counsel for Defendants*