**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
Washington, D.C. 20530

August 17, 2026

FILED ELECTRONICALLY BY ECF
Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

Re: *CLINIC et al. v. Rubio, et al.*, 26-cv-858-JAV — Response to Plaintiffs' Notice of Supplemental Authority Concerning *Sayani*

Dear Judge Vargas:

Defendants respectfully submit this response to Plaintiffs' Notice of Supplemental Authority concerning *Sayani v. U.S. Department of State*, No. 26-cv-02539-AGT (N.D. Cal. Aug. 7, 2026). The *Sayani* court granted Plaintiffs' motion for a preliminary injunction against application of the January 14 cable, 26 STATE 3740, and denied Defendants' Rule 12(b) motion. *Sayani*, ECF No. 27 at 2. In reaching that result, the court found *Ullah* and *Gomes* persuasive, noted that the parties identified no on-point Ninth Circuit authority distinguishing those decisions, and concluded that the same outcome should follow. *Id.* at 1–2. The court then granted preliminary relief "for the reasons stated in *Ullah* and *Gomes* (as relevant here)" and denied the Rule 12(b) motion for the same reasons. *Id.* at 2. Thus, *Sayani* is another district-court ruling concerning the January 14 cable, but its disposition rests on *Ullah* and *Gomes* rather than independently analyzing the substantive issues.

Defendants have already addressed the reasoning on which *Sayani* relies. *See* Dkts. 71, 78. As to relief, *Sayani* is limited to preliminary, application-specific relief. The injunction bars application of the January 14 cable only to the immigrant-visa applications of Khosrow Sayani and Yafa Rahimian Esfahani. *Sayani*, ECF No. 27 at 2. The order does not vacate the January 14 cable or grant policywide relief. *Id.*

Plaintiffs also invoke *Sangster* in their Notice of Supplemental Authority, but Defendants already addressed the pertinent *Sangster* reasoning in their summary-judgment reply. *See* Dkt. 67 at 4–5, 9, 11–12. Taken together, *Sayani* and Plaintiffs' renewed reliance on *Sangster* add cumulative authority concerning the January 14 cable, but do not present a materially different legal issue for this Court to resolve. The Court should resolve the pending cross-motions on the existing briefing, deny Plaintiffs' motion for partial summary judgment, and grant Defendants' cross-motion for partial summary judgment.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MATT SEAMON
Assistant Director

SUSAN ANSARI
Trial Attorney

/s/ Julian M. Kurz
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-7283
julian.m.kurz@usdoj.gov

*Counsel for Defendants*