**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC., et al., | |
| Plaintiffs, | |
| v. | Case No. 1:26-cv-858-JAV |
| MARCO RUBIO, Secretary of State, et al., | |
| Defendants. | |

**DEFENDANTS' SUBMISSION REGARDING PLAINTIFFS' EMERGENCY MOTION TO ENFORCE AND FOR STATUS CONFERENCE**

## PRELIMINARY STATEMENT

Defendants recognize that the Court's Rule 54(b) Judgment is fully operative. The Judgment set aside and vacated the 75-country Policy, set aside immigrant-visa refusals based solely upon that Policy, remanded those agency actions for further proceedings consistent with the Court's Opinion and Order, and entered declaratory relief. Defendants are proceeding on that basis and are complying with the Opinion and Order and Judgment.

The record does not establish continued application of the Policy. The State Department is treating the January 14 guidance as no longer operative and is implementing the Judgment. Armstrong Decl. ¶¶ 5–9. Plaintiffs nevertheless seek a sweeping new enforcement order imposing Department-wide directives, disclosure obligations, a detailed 24-hour report, and indefinite weekly reporting. The requested mechanisms are unnecessary or insufficiently tailored to any demonstrated compliance problem.

Rule 62(a) supplies an additional reason not to impose new coercive enforcement measures during the 30-day period following entry of the Judgment. Although the Judgment is immediately effective, Rule 62(a) stays "proceedings to enforce" a judgment for 30 days after entry, subject to Rule 62(c) and (d) and "unless the court orders otherwise." Plaintiffs' motion is such a proceeding because it asks the Court to compel compliance through a new coercive order.

## ARGUMENT

### A. Plaintiffs Have Not Shown a Violation of the Judgment Warranting Additional Enforcement Relief.

The existing obligations are clear. The Policy is vacated and may not continue to be applied; Policy-only refusals are vacated and remanded; and remanded applications must proceed consistently with the Opinion and Order. ECF No. 84 at 1–2. The Court also stated that vacatur

restored the prior status quo, ECF No. 83 at 55, and that on remand it "does not direct any particular outcome or process so long as any refusal is not based upon the Policy," *id.* at 58.

The State Department is treating the January 14 guidance as no longer operative, and its operations are proceeding in accordance with the Judgment. Armstrong Decl. ¶ 5. The Department is coordinating guidance to U.S. embassies and consulates on implementation of the Court's order, including guidance for processing applicants previously refused solely under the Policy and for scheduling appointments for those applicants as necessary. *Id.* ¶ 6. To allow time for appropriate coordination on guidance to implement the Court's order and to account for updated procedures in applying the public-charge ground of inadmissibility, including in cases previously refused under the January 14, 2026 guidance, the Bureau of Consular Affairs is rescheduling immigrant-visa appointments. *Id.* ¶ 7. The Department also states that an erroneous third-party-vendor message indicating that the Policy "remains in effect" has been corrected and was not sent at the Department's direction, and that the Department is reviewing its public-facing website materials regarding the Policy and is in the process of updating them to reflect the Court's order. *Id.* ¶¶ 8–9.

The temporary rescheduling of immigrant-visa appointments through August 31, without more, does not establish continued application of the Policy. The Opinion and Order left the remand process open apart from prohibiting refusals based on the Policy. ECF No. 83 at 58. Plaintiffs therefore have not shown a violation warranting the broad additional enforcement regime they request.

**B. Plaintiffs' Proposed Order Is Unnecessary and Overbroad.**

Defendants do not dispute the Court's authority to enforce its Judgment. But the mechanisms Plaintiffs request are not necessary or appropriately tailored to the obligations the

Court actually imposed. Substantial portions of the proposed order would impose disclosure requirements and continuing judicial supervision without a demonstrated need for that breadth.

Plaintiffs propose an order requiring nationwide circulation of the Judgment, a return to the "status quo ante," and a categorical prohibition on any "training or implementation measure" that could continue or re-create the suspension. *See* Proposed Order ¶ 1, ECF No. 85-1 at 1. Insofar as the "status quo ante" language means cessation of the vacated Policy, it reflects an existing obligation. But Plaintiffs have not shown that enforcement of that obligation requires a particular nationwide distribution protocol or a categorical restriction on public-charge training or other implementation measures independent of the Policy. The Opinion and Order expressly declined to prescribe a particular process on remand. ECF No. 83 at 58.

Plaintiffs also seek an order requiring the Department to revise its website and prohibiting specified applicant communications. *See* Proposed Order ¶¶ 2–3, ECF No. 85-1 at 1–2. The State Department webpage Plaintiffs cite as evidence that the Policy remains publicly posted is no longer online. *See* ECF No. 86 at 1 & n.1. Defendants acknowledge that the Department may not represent to applicants or the public that the vacated Policy remains legally operative. But Plaintiffs have not shown that the particular website and applicant-communications directives they propose are necessary to enforce that obligation.

Plaintiffs further seek a detailed report within 24 hours requiring disclosure or description of internal written and oral guidance; explanations of appointment rescheduling; the scope, duration, necessity, chronology, and asserted legal basis for those decisions; information concerning diversity-visa applicants; and details concerning training and internal directives. *See* Proposed Order ¶ 4, ECF No. 85-1 at 2–3. Much of that information concerns the Department's implementation and visa-processing operations rather than whether it is continuing

to apply the vacated Policy. Plaintiffs have failed to demonstrate entitlement to insert themselves into Defendants' ongoing operations to effectuate this Court's ruling, and the Court should decline Plaintiffs' invitation to do so at this juncture.

Finally, Plaintiffs request indefinite weekly status reports. Proposed Order ¶ 5, ECF No. 85-1 at 3. That open-ended reporting requirement is not necessary to enforce the Judgment. Taken as a whole, Plaintiffs' proposed order would impose a substantially broader enforcement regime than is necessary to secure compliance with the narrow obligations identified above. Accordingly, if the Court lifts the Rule 62(a) stay and reaches Plaintiffs' request for enforcement relief, any additional enforcement order should be limited to those obligations rather than the broader disclosure, training, reporting, and supervisory requirements that Plaintiffs propose but have failed to show are justified.

**C. Regardless, Rule 62(a) Stays Plaintiffs' Enforcement Proceeding.**

Rule 62(a), captioned "Automatic Stay," provides: "Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). Plaintiffs' motion is a proceeding to enforce the Judgment and therefore is stayed by operation of the Rule unless an exception applies or the Court orders otherwise. Here, the Court entered Judgment on August 24, and the 30-day period runs through September 23, 2026.

The critical distinction is between a judgment's legal effect and proceedings to enforce it. In *Fish Market Nominee Corp. v. Pelofsky*, the First Circuit explained that Rule 62(a) "does not purport to make a judgment ineffective"; the judgment "retains full force and effect for other purposes," while the Rule "merely stays proceedings to *enforce* the judgment." 72 F.3d 4, 6 (1st Cir. 1995). The Supreme Court similarly has recognized that a stay of execution does not detract

from a judgment's decisiveness or finality. *See Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941). Although *Fish Market* observed that Rule 62(a) "primarily" serves to give a money-judgment debtor time to obtain a stay, 72 F.3d at 6, the Rule is not confined to money judgments. The 2018 Advisory Committee Note expressly contemplates circumstances in which "it may be important to allow immediate enforcement of a judgment that does not involve a payment of money." Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment. And, applying the current Rule, *Canadian Breaks LLC v. JPMorgan Chase Bank, N.A.* likewise held that a remand was stayed while the judgment vacated in the remand order "remain[ed] vacated," because Rule 62(a) reaches only "execution on a judgment and proceedings to enforce it." No. 2:21-CV-037-Z, 2026 U.S. Dist. LEXIS 94008, at *8 (N.D. Tex. Apr. 29, 2026).

That is the distinction Defendants invoke here. The Judgment has already set aside the Policy and Policy-only refusals. Plaintiffs now ask for a second order compelling affirmative conduct throughout the Department and imposing an ongoing judicial reporting regime. *See* Proposed Order ¶¶ 1–5, ECF No. 85-1 at 1–3. That request is a "proceeding[] to enforce" the Judgment within Rule 62(a).

No controlling Second Circuit decision limits Rule 62(a) to money judgments. In *India S.S. Co. v. Kobil Petroleum Ltd.*, the Second Circuit considered an argument that Rule 62(a) automatically stayed an order directing the release of funds from the district court registry, but did not decide whether Rule 62(a) applied because that question was immaterial to the attachment issue before the court. 663 F.3d 118, 121–22 & n.2 (2d Cir. 2011). *India S.S.* therefore leaves the Rule's application to such non-money relief unresolved; it does not limit Rule 62(a) to money judgments.

Nor does the Court's general authority to enforce its judgments resolve the Rule 62(a) issue. Defendants do not dispute that authority. Rule 62(a), however, specifically governs when proceedings to enforce a judgment may occur, automatically staying them for 30 days after entry unless an exception applies or the Court orders otherwise.

The Judgment therefore remains fully operative, while Rule 62(a) separately governs Plaintiffs' request for additional judicial enforcement. Because Plaintiffs' motion seeks a new order compelling compliance with the Judgment, it falls within Rule 62(a)'s "proceedings to enforce" language and is subject to the Rule's 30-day stay through September 23, 2026, absent an applicable exception or an order of the Court lifting the stay.

## CONCLUSION

The Court should deny Plaintiffs' request for the proposed enforcement order because the record does not establish a violation warranting that relief and the proposed mechanisms are unnecessarily broad. If the Court lifts the Rule 62(a) stay and reaches Plaintiffs' request for enforcement relief, it should decline to enter Plaintiffs' proposed order and limit any additional order to the narrow obligations identified above.

Dated: August 28, 2026

Respectfully Submitted,

JAY CLAYTON
United States Attorney

ALYSSA O'GALLAGHER
Assistant U.S. Attorney

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MATTHEW SEAMON
Assistant Director

*/s/ Julian Kurz*
JULIAN KURZ
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-7283
julian.m.kurz@usdoj.gov

SUSAN ANSARI
Trial Attorney

**CERTIFICATE OF SERVICE**

I, Julian Kurz, hereby certify that on August 28, 2026, I filed the foregoing brief with the Court's electronic filing system, which electronically served this brief on all counsel of record.

*/s/ Julian M. Kurz*
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF COMPLIANCE**

I, Julian Kurz, hereby certify that this brief complies with the 8,750-word limit imposed by Local Civil Rule 7.1(c) and the Court's Individual Rule 5.A.

*/s/ Julian M. Kurz*
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice