# Exhibit 11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC. (CLINIC), et al.,<br>*Plaintiffs*,<br>v.<br>MARCO RUBIO in his official capacity as Secretary of State; and the UNITED STATES DEPARTMENT OF STATE,<br>*Defendants*. | Civil Action No. 1:26-cv-00858-JAV<br><br>**DECLARATION FOR JUAN DAVID BUITRAGO CAGUA** |

I, JUAN DAVID BUITRAGO CAGUA, declare as follows:

1. I am a citizen of Colombia and currently reside in Colombia.
2. On July 7, 2023, I filed an employment-based immigrant visa petition and sought to self-petition through an EB-2 National Interest Waiver based on my professional qualifications and proposed work.
3. On February 21, 2024, U.S. Citizenship and Immigration Services approved my petition, finding that I met the standard for exceptional ability as a highly skilled professional.
4. After that approval, I had to wait approximately fifteen additional months for an immigrant visa number to become available. In June 2025, the Visa Bulletin reflected that my priority date, July 7, 2023, was current, which allowed me to proceed through consular processing.
5. I then completed the required consular processing steps and was documentarily qualified to proceed to an immigrant visa interview.
6. On January 26, 2026, I appeared for my immigrant visa interview at the U.S. Embassy in Bogotá, Colombia. I traveled from Lisbon to Bogotá specifically for that purpose.

7. After reviewing all of my documentation, the consular officer informed me that everything was in order, but that she was unable to issue my visa at that time because of the pause on immigrant visa issuance.
8. Although I had completed the final step required for visa issuance and was otherwise eligible to proceed, I received a notice of refusal under INA § 221(g), 8 U.S.C. § 1201(g), based on the pause.
9. Because I had already paid for passport delivery, I asked the consular officer what I should do once the pause was lifted. She advised me that, once the pause was lifted, I should send in my passport for visa issuance.
10. I understand that on August 21, 2026, this Court ordered the Department of State to lift the pause.
11. After learning of that order, I reasonably expected that my case would begin moving forward and that I would receive instructions regarding the next steps, including when and how I could submit my passport for visa issuance.
12. Instead, I remained in the same position as before. I therefore contacted the U.S. Embassy in Bogotá to request an update on the status of my case, guidance regarding next steps, and instructions on how and when I may submit my passport for visa issuance.
13. The Embassy has not responded to my request, and I have received no instructions regarding how or when I may submit my passport for visa issuance.
14. This continued delay is causing significant professional harm. My work is focused on renewable energy and on promoting rural development through collaboration with local communities to ensure the safe and efficient operation of solar systems. My planned work in the United States is intended to help underserved communities with limited or

unreliable access to electricity, while also supporting economic inclusion, education, and small businesses.

15. Because my immigrant visa still has not been issued and my case remains suspended, I cannot move forward with that work. I also cannot conduct the in-person site visits, surveys, and related project-development activities necessary to evaluate and develop potential solar energy projects. The delay has also disrupted my professional relationships and affected my ability to continue working with a company to which I had been providing professional services.

16. The delay has also caused serious hardship for my family. I recently married, and my spouse and I had prepared to begin our life together in the United States. Instead, because of the prolonged pause and continuing uncertainty, we have had to completely restructure our plans.

17. When our lease in Portugal ended in June 2026, we had no realistic option but to return to Colombia with all of our belongings rather than continue waiting there indefinitely. What should have been a direct transition from Portugal to the United States instead became a forced return to Colombia, which caused substantial disruption, physical exhaustion, and emotional strain.

18. This delay has also caused financial harm, including unplanned expenses for storage, additional baggage and transportation, and temporary lodging. It has forced us to postpone major life decisions about housing, career planning, and where we will establish a stable home.

19. The uncertainty has been emotionally exhausting for both me and my spouse. Even after the Court ordered the pause lifted, we remain unable to move forward or make long-term decisions with confidence.

20. I remain fully committed to advancing renewable energy solutions and contributing to the United States through work that supports energy independence, environmental sustainability, and improved access to reliable electricity for underserved communities. But the continued delay in my visa adjudication is preventing me from carrying out that work and is causing ongoing professional, financial, and personal harm.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 29, 2026

JUAN DAVID BUITRAGO CAGUA