**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CATHOLIC LEGAL IMMIGRATION NETWORK, INC. (CLINIC), AFRICAN COMMUNITIES TOGETHER, AGNES KYEREMAA, PATRICIA RICHARDSON, CESAR ANDRED AGUIRRE, MARU MAHMUD HASSEN, MUNTHAZ MAHMUD HASSEN, ADRIAN MITCHELL, JUAN DAVID BUITRAGO CAGUA, ALEJANDRA ALCENDRA MOSCOTE, ANDRES ALFONSO MEDINA RAMIREZ, FERNANDO LIZCANO LOSADA and LINA MARGARITA ANGULO PEÑARANDA

Plaintiffs,

-against-

MARCO RUBIO, in his official capacity as Secretary of State, and the UNITED STATES DEPARTMENT OF STATE,

Defendants.

Case No. 1:26-CV-00858-JAV

**DECLARATION OF JOHN ARMSTRONG**

I, John Armstrong, hereby declare under penalty of perjury:

1. I am employed as the Principal Deputy Assistant Secretary within the U.S. Department of State's Bureau of Consular Affairs. The Bureau of Consular Affairs' Visa Office provides guidance to U.S. embassies and consulates around the world on a broad range of policy and procedural issues related to the adjudication of visa applications.

2. This Declaration is submitted in support of the status report to the Court, pursuant to the Court's Order on August 31, 2026.

3. The statements made in this Declaration are based on my personal knowledge and information made available to me in the course of my official duties.

4. I understand that the Court has asked how the Department is identifying the applicants whose refusals were based solely on the Department of State's guidance announced on January 14, 2026, which instructed consular officers to refuse under Section 221(g) of the Immigration and Nationality Act immigrant visa applicants who are nationals of one of 75 countries ("the IV Pause"), and the current status of those applications following vacatur and remand. The Department has the ability to identify cases that were refused solely on the vacated IV Pause, although this effort requires, in some instances, manual review of refusals by each adjudicating consular section to confirm that the IV Pause was the sole basis for refusal. Based on information provided to me from the Bureau of Consular Affairs, over 43,000 immigrant visa applications were refused pursuant to this guidance and are therefore subject to the Court's vacatur and remand order.

5. To allow appropriate coordination on guidance to implement the Order — including to appropriately identify affected cases, as well as to account for updated procedures for consular officers applying the public charge ground of inadmissibility — the Department rescheduled immigrant visa appointments globally through August 31, 2026. The Department has since undertaken additional rescheduling of immigrant visa appointments globally through September 2026 to allow the time necessary to complete identification of affected cases and take appropriate next steps.

6. I understand that the Court has also asked whether and how the Department is notifying affected applicants that their IV Pause-only refusals have been vacated and their applications remanded, and what the Department is communicating to them about next steps.

The Department has updated public-facing websites to notify applicants and the public that the IV Pause has been vacated, and continues to take action to remove references to the vacated IV Pause as such references are identified on vendor and post-specific websites.

7. With respect to individual notice, once a consular officer reconsiders a given case, the officer will notify that applicant to request any missing documents—including, where applicable, an updated medical examination—necessary for adjudication of the application.

8. I understand that the Court has further asked what, if anything, affected applicants must submit or update before their cases can move forward, including whether expired or time-sensitive materials such as medical examinations or police certificates must be renewed or replaced. A consular officer must review each individual case to determine what, if any, additional documents are required before that case can move forward. Applicants will then receive written instructions from the officer outlining the specific information required in their case, along with instructions on how to submit any required documentation or information.

9. For example, as assessed by the consular officer on a case-by-case basis, some applicants may need to complete an updated medical examination or provide additional documentation, such as updated police certificates. Whether such materials are required, and which materials, depends on the individual circumstances and elapsed time since the applicant's original submission.

10. I understand that the Court has also asked whether additional interviews are required, which applicants require them, and how those interviews will be scheduled or rescheduled. As part of the consular officer's case-by-case review of an applicant's qualifications and eligibility for a visa, it is possible that an applicant may be asked to schedule an additional interview. Such a determination is made on an individual basis by the reviewing officer. An

applicant who must schedule an additional interview will receive direct notification that he or she should do so, along with instructions for scheduling.

11. I understand that the Court has asked about the practical steps the Department is taking to move these applications forward and the anticipated timing for those steps. The Department is developing guidance for posts on how to implement the actions required by the Order, including guidance on identifying affected cases and resuming processing of those cases.

12. To accommodate a global training initiative, the Department has rescheduled many immigrant visa appointments originally scheduled through September 2026, which provides additional time to identify affected cases and begin case-by-case reconsideration of eligibility in accordance with the Court's Order. There is no fixed date by which reconsideration of all affected applications will be completed; affected cases will proceed on a rolling basis as they are identified and reviewed, and the timing of individual cases will depend on circumstances including whether manual review, updated documentation, or an additional interview is required.

13. The Department has also deployed guidance to the field outlining new training requirements to assist consular officers in moving these applications forward.

14. I understand that the Court has also asked how the Department will treat public-charge inadmissibility in the remanded cases, including whether applicants previously refused solely under the IV Pause will undergo any further public-charge evaluation and, if so, under what circumstances, and whether the Department intends any categorical re-adjudication of public charge for the entire group as opposed to individualized consideration. Starting early this year, the Department has undertaken several actions to ensure that visa applicants undergo

comprehensive screening and vetting prior to visa issuance, including vetting for potential ineligibility under the public charge ground of inadmissibility.

15. Remanded cases will be reconsidered by adjudicating consular officers in accordance with Department guidance on application of the public charge ground of inadmissibility, and more generally in accordance with all Department guidance relevant to determining an applicant's qualification and eligibility for an immigrant visa. This will include the consular officer's use of additional adjudication tools that have been deployed since the January 14, 2026 guidance, such as a public charge worksheet that informs the officer's assessment of public charge inadmissibility in the totality of the circumstances. As with all adjudications, consular officers will review remanded cases on an individualized basis, and consistent with that approach, the Department anticipates that some applicants may be asked to provide additional or updated information with respect to certain areas relevant to the public charge ground, while other applicants will not need to provide anything additional prior to issuance. This worksheet was deployed to consular officers for use globally pursuant to guidance issued on August 15, 2026.

16. In addition, as with all visa applications, consular officers will reconsider the remanded cases consistent with elements of four new training requirements that the Bureau of Consular Affairs formally deployed on September 1, 2026. These requirements include expanded managerial review of consular officer adjudications and mandated training on conducting the public charge analysis required by Department guidance.

17. These updated training requirements and adjudication tools apply to all immigrant visa adjudications globally, and not just cases remanded under the Court's Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Executed September 8, 2026.

John Armstrong
Principal Deputy Assistant Secretary
Bureau of Consular Affairs
United States Department of State.