DEMOCRACY FORWARD

September 18, 2026

FILED ELECTRONICALLY BY ECF
Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

Re: Response to Defendants' "Notice of Intent to File a Motion to Stay the Rule 54(b) Judgment Pending Appeal with the U.S. Court of Appeals for the Second Circuit" (ECF 103), *CLINIC et al. v. Rubio, et al.*, 26-cv-858

Dear Judge Vargas:

Plaintiffs write in response to Defendants' "notice," filed September 17, which declares that they intend "to seek a stay of the Judgment from the Court of Appeals for the Second Circuit on Friday, September 25, 2026, if this Court has not ruled on Defendants' pending stay motion by that time." ECF 103 at 1. Defendants filed that motion on September 14, 2026, *24 days* after the Court's order vacating and declaring unlawful the Visa Ban at issue in this case. Plaintiffs respectfully submit that the Court should reject Defendants' presumptuous and inappropriate attempts to set a deadline for the Court to rule and to circumvent the Federal Rules of Civil Procedure and this Court's Local Rules.

First, Plaintiffs are entitled to respond to Defendants' stay motion "within 14 days," L.R. 6.1(b), and absent the Court's direction otherwise, will do so by September 28, 2026. *See Chevron Corp. v. Donziger*, 37 F. Supp. 3d 650, 651 (S.D.N.Y. 2014) (non-movant opposing stay motion "is entitled to a proper opportunity to respond to defendants' motion"). Indeed, when Defendants filed their stay motion on September 14, they did not request expedited briefing or consideration, identify any date by which a ruling was necessary, or otherwise suggest that the ordinary briefing schedule was inadequate.

Second, Defendants have not made any, let alone the requisite, showing as to why expedition is necessary. A movant seeking expedited consideration may move by order to show cause to bring a motion on less than the default notice period, but Local Rule 6.1(d) requires "a clear and specific showing by affidavit" containing "good and sufficient reasons why a procedure other than by notice of motion is necessary," and stating "whether a previous application for similar relief has been made." L.R. 6.1(d). Defendants have not filed any such motion to show cause supported by an affidavit. A 'notice' that, without explanation, declares that the government demands a decision by a date certain does not, without more, come close to satisfying Rule 6.1(d). *See Donziger*, 37 F. Supp. 3d at 651 (referring to such a tactic as "extraordinary").

Instead, Defendants' gambit appears to rely on conclusory allegations of harm raised in their stay papers. But even if it were appropriate to seek expedition without a formal motion supported by an affidavit—which it is not, as Rule 6.1(d) makes clear—Defendants' stay motion still does not warrant expedition. "The failure to submit the required affidavit might be overlooked, at least for purposes of scheduling the hearing of this [stay] motion, if the movants had made out a sufficient showing of likely irreparable injury *in the period between the making of the motion and its disposition on a schedule consistent with the rules*." *Donziger,* 37 F. Supp. 3d at 652 (emphasis added). Defendants have made no such showing here. Their stay papers allege harms from leaving the Court's judgment in effect during the pendency of the appeal, but identify no irreparable injury that will occur during the short period necessary to complete briefing and resolve the stay motion in the ordinary course. Nor do they identify any harm requiring a ruling by September 25, three days before Plaintiffs' opposition is due.

Finally, Defendants cannot sit on their hands for nearly a month and now claim an emergency. *See id.* (relying on fact that "defendants did not seek relief for two full weeks after the judgment was entered against them" in denying request to expedite); *see generally Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 39 (2d Cir. 1993) ("inexcusable delay in filing the motions here at issue severely undermines the Board's argument that absent a stay irreparable harm would result."); *Doherty Assocs., Inc. v. Saban Ent., Inc*., 60 F.3d 27, 39 (2d Cir. 1995) ("A district court should generally consider delay in assessing irreparable harm."). But that is precisely what they have done here, waiting nearly a month after this Court's order to move to stay that order. And then, after waiting an additional three days, they filed their perfunctory "notice" declaring that if this Court does not rule by Defendants' preferred date, Defendants will circumvent the normal steps prescribed by the Local Rules and file a motion in the Court of Appeals. The Court should not permit Defendants to manufacture urgency through a deadline they neither identified nor sought when they filed their motion, particularly where Plaintiffs' opposition is due just three days later.

Plaintiffs therefore respectfully request that the Court reject Defendants' attempt to impose an expedited schedule on the pending motion before the Court.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Erez Reuveni*
Erez Reuveni*
DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 316-9538
ereuveni@democracyforward.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Erez Reuveni, hereby certify that on September 18, 2026, I filed the foregoing Document with the Clerk of the Court for the United States District Court for the Southern District of New York using the CM/ECF system. Notice of this filing is being sent by operation of the Court's electronic filing system to all counsel of record who are registered CM/ECF users.

s/ Erez Reuveni
Erez Reuveni