**U.S. Department of Justice**

Civil Division

Office of Immigration Litigation

*Washington, D.C. 20530*

September 21, 2026

**FILED ELECTRONICALLY BY ECF**

Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

Re: Response to Plaintiffs' September 18, 2026 letter in *CLINIC v. Rubio*, No. 26-cv-858 (S.D.N.Y.).

Dear Judge Vargas:

This letter is in response to Plaintiffs' letter of September 18, 2026 relating to the timing of the government's motion for a stay pending appeal. Federal Rule of Appellate Procedure 8 governs stays pending appeal filed in the court of appeals. That rule specifies that prior to seeking a stay pending appeal in the court of appeals, the party "must ordinarily move first in the district court" and a motion filed in the court of appeals must "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested." Fed. R. App. P. 8(a)(1) & (2)(A)(ii). The purpose of the rule is to provide the district court an opportunity to address a stay request before proceeding to the court of appeals.

The purpose of this rule has been satisfied in this case. The government requested a stay of this Court's order on September 14, 2026, and having "move[d] first in the district court" will advise the court of appeals that such a motion has been filed and, if this Court has not acted by September 25, 2026, that this Court has "failed to afford the relief requested." *Id*. Nothing prevents Plaintiffs from providing their view on a stay before this time.

Plaintiffs cite Local Rule 6.1(d) to encourage this Court to move more slowly on our stay request. This Court can of course move on its preferred timeline. We filed our Notice to advise the Court when we would be seeking appellate relief given the substantial impact of this Court's ruling. As we explained, a stay is needed promptly "[g]iven the importance of the issues presented and the harms caused by the Judgment." ECF 103 at 1; *see also* ECF 100-1 (Armstrong Decl.). This Court has entered sweeping relief that impacts tens of thousands of visa applicants and already determined that there is "no just cause for delay of entry of judgment" in order to both immediately implement its broad ruling and allow an immediate appeal. *See* Fed. R. Civ. P. 54(b). There is a similar need for prompt appellate consideration of our request to stay this Court's order.

The requirements of Local Rule 6.1(d) are also readily met here. As Plaintiffs acknowledge, there is no rigorous formula for making the requisite showing in Rule 6.1(d). ECF 104 at 2 (*citing Chevron Corp. v. Donziger*, 37 F. Supp. 650, 652 (S.D.N.Y. 2014)). Indeed, in recently seeking emergency relief, ECF 85, Plaintiffs made no mention of Local Rule 6.1(d) and attached no affidavit, nor did this Court require the sort of showing Plaintiffs are now seeking. It is true that the government's initial motion did not include a requested action date for this Court, and we sought to remedy that with the Notice advising this Court of when we would seek appellate relief under FRAP 8. More importantly, our motion for a stay did make the necessary showing that satisfies Local Rule 6.1(d): The Armstrong Declaration described the ongoing irreparable harm caused by this Court's order as well as its broad impact that extended well beyond the parties to this dispute. *See* ECF 101-1 ¶¶ 8-10. That harm impacts the government every day. Just as this declaration establishes the harm that justifies a stay, it provides a "clear and specific showing by affidavit that contains good and sufficient reasons" for prompt action on our stay request. Local Rule 6.1(d). And the Armstrong Declaration distinguishes this case from *Chevron*, where the "motion [was] unsupported by any affidavit or other evidence." *Chevron*, 37 F. Supp. 3d at 651. In short, that affidavit shows why we will need to seek relief from the court of appeals if a stay is not granted by September 25, 2026.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General

TYLER J. BECKER
Counsel to the Assistant Attorney General

MATTHEW P. SEAMON
Assistant Director

/s/ *Susan Ansari*
SUSAN ANSARI
Trial Attorney
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 532-5537
Susan.ansari2@usdoj.gov

JULIAN KURZ
Trial Attorney

**CERTIFICATE OF SERVICE**

I, Susan Ansari, hereby certify that on September 21, 2026, I filed the foregoing brief with the Court's electronic filing system, which electronically served this brief on all counsel of record.

*/s/ Susan Ansari*
SUSAN ANSARI
Trial Attorney
U.S. Department of Justice