# Exhibit F

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROKSANA MEDANI *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as the President of the United States*, *et al.*,<br><br>Defendants. | CASE No. 5:26-cv-06332-EJD<br><br>**DEFENDANTS' NOTICE OF FILING DECLARATION OF JOHN ARMSTRONG AND U.S. DEPARTMENT OF STATE CABLES**<br><br>Hon. Edward J. Davila |

As a supplemental notice for the Court to Defendants' September 21, 2026 Status Report and pursuant to Defendants' response to Plaintiffs' motion for expedited discovery (ECF No. 106), Defendants respectfully submit (1) a declaration of John Armstrong, executed on September 21, 2026; (2) a redacted copy of 26 STATE 86164; (3) a redacted copy of 26 STATE 80666; and (4) a redacted copy of 24 STATE 41484. In each of the three cables, Defendants have redacted portions that contain sensitive internal systems information.

Date: September 21, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_______________
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendants

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | | |
|---|---|---|
| **ROKSANA MEDANI, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **Civil Action No: 26-6332 (EJD)** |
| | ) | |
| **DONALD J. TRUMP, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**DECLARATION OF JOHN ARMSTRONG**

I, John Armstrong, hereby declare under penalty of perjury:

1. I am employed as the Principal Deputy Assistant Secretary within the U.S. Department of State's Bureau of Consular Affairs. The Bureau of Consular Affairs' Visa Office provides guidance to U.S. embassies and consulates around the world on a broad range of policy and procedural issues related to the adjudication of visa applications.

2. The statements made in this Declaration are based on my personal knowledge and information made available to me in the course of my official duties.

3. On August 28, 2026, the Bureau of Consular Affairs received notice of the Court's Order in this case, which temporarily vacated the Department of State's policy announced in guidance on December 20, 2025, which instructed consular officers to refuse under Section 221(g) of the Immigration and Nationality Act (INA) applications for Diversity Visas (DVs) (DV Pause), and the Department of State's policy announced in guidance on January 14, 2026, which instructed consular officers to refuse immigrant visa applicants under INA § 221(g) who are nationals of one of 75 countries (IV Pause), and directed the Department, to the extent practicable and in good faith,

to take all reasonable steps during the remainder of the Diversity Visa fiscal year to reconsider applications refused solely under those policies and resume ordinary adjudication of pending applications.

4. In accordance with the Court's Order, the Department has been treating the pause on the issuance of Diversity Visas as no longer operative. Consistent with the Order in *Catholic Legal Immigration Network, Inc. (CLINIC), et al. v. Rubio*, 26-cv-0858-JAV (S.D.N.Y.), the Department has been treating the Department of State policy reflected in 26 STATE 3740, "Pausing Immigrant Visa Issuances for Nationalities at High Risk of Public Charge" ("IV Pause Policy") as no longer in effect.

5. Following months-long planning and deliberations by the Department that had begun prior to this Court's August 28, 2026, order and the *CLINIC* court's order on August 21, 2026, the Department instructed all posts to complete a set of required training related to public charge inadmissibility before processing and adjudicating immigrant visa applications, with some exceptions, including for applications submitted by a named Plaintiff in this action or other similar litigation that challenged the IV Pause or DV Pause.

6. On September 21, 2026, the Department sent an email to consular managers in immigrant visa units across all consulates and embassies. That email affirmed guidance on the review process that was set out in cable 26 STATE 88862, which provided instruction related to the Court's August 28, 2026, order and the court's order in *CLINIC*.

7. The email noted that posts should follow the review process outlined in 26 STATE 88862, in addition to prioritizing any named plaintiff in cases identified by the Department and any cases previously submitted by a Chief of Mission for exception to the IV Pause Policy.

8. The email noted that all adjudicating officers and managers must complete an online portion of public charge training and follow mandatory immigrant visa adjudication review guidelines provided in a separate cable before resuming processing. The email further noted that consular officers may require applicants to appear for interview as needed to collect information necessary to determine eligibility under INA 212(a)(4)(A).

9. The email noted that if a consular officer determines that an applicant is eligible, the case must be print authorized, and a consular manager must complete an adjudication review. Once that review is complete, the consular manager must submit the case for additional adjudication review, which must be completed through submission via an app established for this purpose. Once the consular officer receives a response through the app, the officer will receive a report to review and will assess whether additional action is needed, including any action to spoil the visa or, if the visa has been printed and issued, whether revocation is appropriate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed September 21, 2026.

John Armstrong
Principal Deputy Assistant Secretary
Bureau of Consular Affairs
United States Department of State.

**UNCLASSIFIED**

SBU

| | |
|---|---|
| **MRN:** | 26 STATE 86164 |
| **Date/DTG:** | Sep 01, 2026 / 012221Z SEP 26 |
| **From:** | SECSTATE WASHDC |
| **Action:** | ALL DIPLOMATIC AND CONSULAR POSTS COLLECTIVE *Immediate* |
| **E.O.:** | 13526 |
| **TAGS:** | CMGT, CVIS |
| **Captions:** | SENSITIVE, VISAS |
| **Reference:** | A) 25 STATE 5914<br>B) 25 STATE 102426<br>C) 26 STATE 80666 |
| **Subject:** | Mandatory Tools to Assess the Public Charge Visa Ineligibility |

1. (U) This is an action request. Please see paragraphs 3 to 6.

2. (SBU) SUMMARY: For nearly two years, the Department has worked in tandem with interagency partners, including USCIS, to protect benefits for Americans and ensure immigrants are self-sufficient. As part of this ongoing work, the Department developed improved tools to ensure consular officers conduct a consistent and thorough evaluation of all visa applicants, including reviving long-standing authorities to protect Americans. For example, the Public Charge Bond program promotes applicant accountability in the immigrant visa context and provides the American people a way to be reimbursed should the

applicant become a public charge after admission. As detailed below, consular officers must complete required training and use all tools available, including the public charge worksheet, to thoroughly evaluate all visa applicants. Consular managers must ensure consular officers complete the training and review adjudications for accuracy. The Bureau of Consular Affairs will provide in-person training in each consular section once posts complete the training elements specified below. Following that, CA will certify when consular officers passed required training and the consular section has completed the requirements.

3. (SBU) ACTION REQUEST: The Department is now deploying comprehensive training on this whole-of-government effort with new resources to assist consular officers to make public charge visa ineligibility determinations. Within 60 days of the date of this cable, all consular officers must complete the training linked below on evaluating evidence pertaining to the public charge analysis. Consular chiefs and managers are responsible to communicate this requirement to all consular officers and build it into training programs for newly arrived consular officers. Consular managers will also be required to conduct expanded reviews of immigrant visa (IV) adjudications as will be described septel.

4. **(SBU) Training Requirement 1 - Public Charge Worksheet:** As of August 15, consular officers are required to complete the public charge worksheet that ensures consular officers undertake the rigorous and well-informed assessment of the public charge ineligibility under INA § 212(a)(4)(A) and consistency across adjudications. Posts should utilize the public charge worksheet found in [redacted] or update their AutoHotKey (AHK) scripts to include the public charge worksheet. (REF C)

5. **(SBU) Training Requirement 2 - Public Charge Training:** All consular officers assigned overseas, including consular managers, must watch the training module on how to conduct the rigorous and robust analysis required to assess the public charge ineligibility: link. This in-depth training covers the seven factors to be considered by the officer, as set forth in INA § 212(a)(4)(A) and REF B. This must be completed within 60 days of the date of this cable. Consular chiefs must

confirm compliance for all consular officers at post using the MS Form here: MS Form.

6. **(SBU) Training Requirement 3 - Expanded Adjudication Review Requirements:** To invigorate public charge analysis and to increase accountability, consular managers will be required to expand their review of IV adjudications. This will be announced in the near future via septel. This expanded review protects our national security, guaranteeing compliance with laws. As with all cases, managers must ensure consular officers enter robust case notes that indicate the applicant's eligibility for the visa. Case notes must address the qualifying relationship between the petitioner and applicant for family-based immigrant visa cases and the applicant's qualifications for employment in employment-based IV cases. Managers will also be required to confirm consular officers addressed in the case notes how they resolved any category 1 or 2 hits, national security or identity concerns, or how the applicant overcame ineligibility. ***Any P4A and 4A hits surfaced in CLASS namechecks during adjudication must be removed via a CLOK deletion request prior to issuance if a consular officer determines there is no ineligibility.***

7. **(SBU) Training Requirement 4 - In Person Training**: As a next phase, following the completion of the above training elements, representatives of the Bureau of Consular Affairs will provide detailed, in-person training to each consular section. This training will ensure every consular officer is proficient and incorporating all elements of the guidance into all adjudications and that the workflow has been appropriately updated to incorporate this review. CA will contact consular sections individually to schedule this hands-on training for consular officers. Every consular officer will then need to be certified by CA to indicate that he or she has passed required training. CA will also need to certify that all training for the consular section and consular officers is complete.

8. **(U) Public Messaging.** Posts must refer all media inquiries to GPA's [redacted] and Congressional inquiries to [redacted]

9. (U) Minimize considered.

**MINIMIZE CONSIDERED**

**Signature:** RUBIO

---

**Info:** [redacted]
*Routine*

**XMT:** BASRAH, AMCONSUL; CHENGDU, AMCONSUL; KABUL, AMEMBASSY; MINSK, AMEMBASSY; SANAA, AMEMBASSY; ST PETERSBURG, AMCONSUL; UNESCO PARIS, USMISSION; VLADIVOSTOK, AMCONSUL; YEKATERINBURG, AMCONSUL

---

**UNCLASSIFIED**

SBU

**UNCLASSIFIED**

SBU

---

| | |
|---|---|
| **MRN:** | 26 STATE 80666 |
| **Date/DTG:** | Aug 15, 2026 / 150352Z AUG 26 |
| **From:** | SECSTATE WASHDC |
| **Action:** | ALL DIPLOMATIC AND CONSULAR POSTS COLLECTIVE *Immediate* |
| **E.O.:** | 13526 |
| **TAGS:** | CVIS, CMGT |
| **Captions:** | SENSITIVE, VISAS |
| **Reference:** | A) 25 STATE 5914<br>B) 25 STATE 102426 |
| **Subject:** | Action Request: Enhancing Immigrant Visa Public Charge Assessments with Public Charge Worksheet |

1. (U) This is an action request. Please see paragraph 3.

2. (SBU) **SUMMARY AND ACTION REQUEST:** Every visa adjudication is a national security decision (REF A). Ensuring visas are issued only to those eligible under U.S. law is essential to our national security and makes America safer, stronger, and more prosperous. Economic security is part of national security. A more prosperous America means ensuring that visa applicants are not likely to become a public charge, as defined under U.S. law and regulation, and not likely to become dependent on U.S. public benefits reserved for qualified Americans in need. Consular officers **must** conduct a rigorous and comprehensive analysis of every visa applicant to thoroughly document the totality of

circumstances of the applicant and assess whether or not the applicant is likely to become a public charge in the United States (REF B).

3. (SBU) **ACTION REQUEST:** Effective immediately, consular officers must utilize the public charge worksheet found in [redacted] or posts may update their AutoHotKey (AHK) scripts to include the public charge worksheet. These changes will ensure consular officers undertake a rigorous and well-informed assessment of the public charge ineligibility under INA §212(a)(4)(A) and include robust case notes documenting these findings. **END SUMMARY AND ACTION REQUEST.**

4. (SBU) Consular officers must conduct a comprehensive and thorough vetting of **all** IV applicants. (Immediate relatives, employment based and family based: this includes SIVs.) For those subject to the public charge ground of inadmissibility, consular officers must consider the totality of all relevant circumstances to determine an applicant's eligibility under INA 212(a)(4). The public charge worksheet in [redacted] and AHKs ensure consular officers undertake this robust review by requiring officers to enter inputs on individual prompts for each case. Consular officers must select prompts and provide individualized case-specific narratives addressing each of these elements into IVO case notes:

- Age
- Health
- Family status
- Assets, resources, and financial status (including debts and liabilities)
- Education and skills
- Any current or past receipt of public cash assistance for income maintenance or long-term institutionalization at government expense
- Affidavit of Support Joint Sponsor Review (for cases in which required)
- LexisNexis report (for cases requiring Affidavit of Support)
- Totality of circumstances related to public charge determination
- Officer signature

5. (SBU) This worksheet will ensure a robust assessment of public charge ineligibility, consistency across adjudications, and complete case notes. Consular managers should meet regularly with adjudicators to emphasize the necessity of conducting a rigorous and thorough review of each IV applicant and capturing that review in IV case notes.

6. (U) For guidance on integrating the worksheet into post's AHK scripts, or for any other questions, please reach out to the [redacted] for immigrant visas.

| | |
|---|---|
| **Signature:** | RUBIO |
| **XMT:** | BASRAH, AMCONSUL; CHENGDU, AMCONSUL; KABUL, AMEMBASSY; MINSK, AMEMBASSY; SANAA, AMEMBASSY; ST PETERSBURG, AMCONSUL; UNESCO PARIS, USMISSION; VLADIVOSTOK, AMCONSUL; YEKATERINBURG, AMCONSUL |

**UNCLASSIFIED**

SBU

**UNCLASSIFIED**

SBU

| | |
|---|---|
| **MRN:** | 24 STATE 41484 |
| **Date/DTG:** | Apr 18, 2024 / 182216Z APR 24 |
| **From:** | SECSTATE WASHDC |
| **Action:** | ALL DIPLOMATIC AND CONSULAR POSTS COLLECTIVE *Routine* |
| **E.O:** | 13526 |
| **TAGS:** | CVIS, CMGT, PREF |
| **Captions:** | SENSITIVE |
| **Reference:** | A) 24 STATE 29678 |
| | B) 24 HO CHI MINH CITY 44 |
| | C) 23 SAN SALVADOR 28 |
| | D) 22 TEGUCIGALPA 288 |
| **Subject:** | 2024 - The Year of the Immigrant Visa: Prescreening Tools to Reduce IV Wait Times |

1. (SBU) This is an action request. Please see paragraph 4.

2. (SBU) **Summary:** Over the next year, CA will partner with IV units to roll-out a post-specific prescreening program that minimizes the need for IV applicants to return to the consular section or submit additional documents following their first interview. Posts that have already implemented prescreening saw a significant reduction in their 221(g) rates, which in turn, decreased their IV processing times and scheduling backlogs (REFS B-D). Posts are invited to join the kickoff webinar on May 2, where VO will discuss the planned two-phase IV prescreening roll-out, including a new suite of IV prescreening tools. A special-edition TechTalk will follow on May 8, when VO will discuss implementation of these new IV prescreening tools. VO will record these webinars and distribute them to IV processing posts via email. **End Summary**.

3. (SBU) **IV Prescreening Phase One:** VO is introducing new IV tools which, when used in coordination with a prescreening program, will decrease new 221(g) refusals and allow posts to monitor and reduce IV cases already in 221(g) status. On May 2, VO will host a webinar to discuss IV prescreening and answer questions about these tools. Then on May 8, a special "Year of the IV" edition of VO's TechTalk will help posts with implementing the following tools:

- **221(g) Refusal Dashboard:** This tool, [redacted] ("221g At a Glance" tab), allows posts to identify your current 221(g) refusal data as well as the recurring reasons for these refusals -information which can be used to target outreach to applicants. **221(g) Tracker:** This tool, [redacted] allows post to view and filter all IV cases in 221(g) status by a variety of settings, including adjudicator, medical expiration, and time in refusal status. This tracker allows posts to quickly sort refused cases and target those pending post action.
- **Automated Post Specific Email (APSE):** This tool, which utilizes the NVC Filed to Post (FTP) report and Power Automate IVO Prescreening, allows posts to automate an email to all applicants, petitioners, and attorneys prior to the interview highlighting post-specific 221(g) common problem areas.
- **AutoHotkey CTRL+U (AHKCU):** This tool allows posts to automate the biodata review of applicants prior to the interview, dramatically reducing [redacted] time spent on data entry as well as removing human error from the data review.
- **Automated Email Document Review (AEDR):** This pilot tool, created by [redacted], populates applicants' data into an [redacted] that lists items required for the interview, after which [redacted] can manually mark items that are missing or complete. At the end of each day, the automation sends a personalized email to the applicant, petitioner, and attorney on file, informing them of what the case is missing.

4. **(SBU) Action Request:** In advance of the May 2 webinar, VO asks posts to:

- Review the 221(g) Refusal Dashboard [redacted] tab "221G at a Glance" to identify the recurring reasons for your 221(g) refusals.
- Review guidance for entering 221(g) refusals into IVO found at 9 FAM 504.11-3(A) to ensure posts are using the standard language or abbreviations found in the FAM, so that NVC, post, and VO can accurately track 221(g) refusal rates.
- Review the documents post is requesting of IV and V92/V93 applicants in both your public facing information and your adjudicator SOPs to ensure these documents are required.
- Review 9 FAM 601.4-4(B)(1) and 9 FAM 504.13 on completing end-of-day reports and physically mailing Term One and Term Two documents to applicants.

CA requests all IV posts to begin utilizing the 221(g) Refusal Dashboard, the 221(g) Tracker, and AHKCU by July 15. The APSE will remain an optional tool, and AEDR is a pilot for which posts can volunteer by emailing their VO/F analyst. CA Super Users, and VO stand ready to provide direct one-on-one assistance with implementation or technical issues. VO will also provide instructions for requesting specialized support during the May 8 webinar.

**5. (SBU) Phase One IV Document Review:** In completing the action request in paragraph 4 related to required IV documents, please review the following reminders:

- **English Translations of Civil Docs**: While consular officers may request an applicant provide an English translation of any required documents, applicants are not categorically required to provide an English translation of civil documents that are in the host-country language. For third-country documents submitted to a post that does not have language skills to read the document, consular officers may require applicants to provide an English translation, for example, to verify proof of relationship or to assess potential fraud.

- **Tax Transcripts OR Tax Return Acceptable for I-864 Affidavit of Support:** A sponsor must provide federal tax return information for *only* the most recent tax year as of signature date on the I-864 submission. The I-864 is valid indefinitely and based on the poverty guidelines of the tax year of submission; officers should not routinely request updated financial documents only based on the passage of time. The return may be *either* 1) a photocopy of the tax return with all applicable schedules and the relevant W-2s and/or 1099s *or* a 2) tax transcript. With a tax transcript, W-2s/1099s are not required unless the sponsor filed jointly and is qualifying without the spouse's income. The type of income the sponsor earns determines whether they have W-2s (wages), 1099s (other income), or both. Only joint sponsors must provide proof of U.S. citizen or LPR status.
- **Police Certificates:** Per 9 FAM 504.4, applicants 16 years or older at the time of the interview need to provide police certificates for: (1) their country of current residence if they have lived there for at least six months; (2) their country of nationality if they have lived there for at least six months at any time; and (3) any other countries they lived in for one year or more since turning 16 years old. Consistent with standard guidance on IV document requirements, applicants are not required to provide police certificates if they are unobtainable. Information on the availability of required civil documents for each country is available on travel.state.gov.
- **I-94s No Longer Required for V92/V93 Applicants:** Since the I-94 is now electronic, posts no longer need to request it for V92/V93 applicants. 9 FAM 203.5 and 9 FAM 203.6 have been updated to reflect this change.

**6. (SBU) Phase Two Preview - Creating a Post-Specific IV Prescreening Plan:** After posts have reviewed current 221(g) refusal SOPs and implemented the new IV prescreening tools, CA will support IV units in creating a post-specific prescreening plan. This plan will require posts to have a mechanism for reviewing IV, DV, and V92/V93 cases prior to the

interview and engaging directly with applicants regarding any missing items. Many consular sections have found that an in-person review of documents (wherein prescreening intake is done on one day, and the interview another) is the most effective method to significantly reduce 221(g) rates (REFS B-D). CA recognizes an in-person review of documents is more labor-intensive for [redacted] staff prior to the interview and may initially result in a slight increase in wait times. However, over time, posts that implemented this method saw a dramatic and sustained decrease in wait times and backlogs; a corresponding decrease in back-office work; and more efficient interviews, as officers spent less time explaining follow-up instructions for applicants. Given the overwhelming positive benefits of in-person prescreening, during phase two, CA will work with posts that have a FY 2023 aggregated 221(g) refusal rate across all IV classes above 20 percent to create an IV prescreening plan that could potentially include an in-person document review. Posts can find their 221(g) refusal rate at the [redacted]

**Signature:** Blinken

---

**Drafted By:** CA/VO/F/IE:[redacted]

**Cleared By:**
CA [redacted]
CA/VO [redacted]
CA/VO/F [redacted]
CA/VO/F/OI:[redacted]
L/CA:[redacted]
L/CA:[redacted]
L/CA:[redacted]
L/CA:[redacted]
CA/VO/DO:[redacted]
CA/VO/DO/NVC:[redacted]
CA/VO/I [redacted]
CA/FPP [redacted]
CA/EX [redacted]
CA/EX/PAS:[redacted]
CA/P:[redacted]

D [redacted]
D-MR: [redacted]
P: [redacted]
M [redacted]
AF/EX [redacted]
EAP/EX [redacted]
EUR-IO/EX: [redacted]
NEA-SCA/EX [redacted]
WHA/EX [redacted]

**Approved By:** CA:Rodriguez, Hugo
**Released By:** CA_FO [redacted]
**XMT:** BASRAH, AMCONSUL; CARACAS, AMEMBASSY; CHENGDU, AMCONSUL; KABUL, AMEMBASSY; MINSK, AMEMBASSY; SANAA, AMEMBASSY; ST PETERSBURG, AMCONSUL; VLADIVOSTOK, AMCONSUL; YEKATERINBURG, AMCONSUL

---

**UNCLASSIFIED**

SBU