# Exhibit G

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROKSANA MEDANI *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as the President of the United States*, *et al.*,<br><br>Defendants. | CASE No. 5:26-cv-06332-EJD<br><br>**DEFENDANTS' NOTICE OF FILING THE CABLE**<br><br>Hon. Edward J. Davila |

Pursuant to the representation by Defendants' counsel to the Court on September 10, 2026, Defendants respectfully submit the following copy of a U.S. Department of State cable titled, Action Request: Vacatur of Immigrant Visa (IV) and Diversity Visa (DV) Issuance Pauses, dated September 10, 2026. Defendants have redacted portions of the document that contain sensitive internal systems information.

Date: September 11, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_______________
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendants

**UNCLASSIFIED**
SBU

| | |
|---|---|
| **MRN:** | 26 STATE 88862 |
| **Date/DTG:** | Sep 10, 2026 / 101159Z SEP 26 |
| **From:** | SECSTATE WASHDC |
| **Action:** | ALL DIPLOMATIC AND CONSULAR POSTS COLLECTIVE *Immediate* |
| **E.O.:** | 13526 |
| **TAGS:** | CMGT, CVIS |
| **Captions:** | SENSITIVE, VISAS |
| **Reference:** | A) 25 STATE 114102 |
| | B) 26 STATE 3740 |
| | C) 26 STATE 80666 |
| | D) 24 STATE 41484 |
| | E) 26 STATE 86164 |
| **Subject:** | Action Request: Vacatur of Immigrant Visa (IV) and Diversity Visa (DV) Issuance Pauses |

1. (U) This is an action request. See paragraphs 6-9 and 12.

2. (SBU) On December 19, 2025, the Department, in coordination with DHS, transmitted guidance instructing consular officers to refuse under Section 221(g) of the Immigration and Nationality Act (INA) all DV applicants not refused under another applicable ground of ineligibility. This action was undertaken in light of national security concerns regarding applicant vetting and identity verification ("DV Pause;" Ref A). On January 14, 2026, the Department transmitted guidance instructing consular officers to refuse under INA Section 221(g) all immigrant visa applicants not refused under another ground of ineligibility, if the applicant is a national of one of 75 countries assessed to be a high risk of becoming a public charge in the United States ("IV Pause;" Ref B). On August 21, the U.S. District Court for the Southern District of New York issued an order in *Catholic Legal Immigration Network, Inc., et al. v. Rubio, et al.*, (SDNY Aug. 21, 2026), vacating

the IV Pause. On August 28, the U.S. District Court for the Northern District of California issued an order in *Medani, et al., v. Trump, et al.*, vacating the DV Pause, ordering the Department, with respect to selectees and derivative beneficiaries under DV-2026 "to the extent practicable an in good faith, to take all reasonable steps during the remainder of the Diversity Visa fiscal year" to reconsider applications refused solely under the DV Pause or the IV Pause, and resume ordinary adjudication of pending applications. In accordance with these orders, the DV Pause and IV Pause are **NO LONGER** in effect, and this cable rescinds the guidance in Ref A and Ref B in their entirety. No applicants may be refused under INA 221(g) for either pause. Posts should take steps to identify IV and DV applications previously refused under either pause, and as set out below, initiate a plan to reconsider those applications, consistent with standard Department guidance and policies.

3. (U) In the same period, the U.S. District Court for the District of Columbia have also provided similar relief to named plaintiffs in two other cases: *Ivanov et al. v. Trump et al.* and *Storie et al. v. Trump et al*. See below for guidance on implementation of these orders.

**Applicants Previously Refused under the DV Pause**

4. (SBU) In its order in *Medani*, the Court granted in part plaintiff's motion for class certification, certifying the following subclass: "all selectees and derivative beneficiaries under the FY-2026 Diversity Visa Program" who were subject to the DV or IV Pause. The Department is ordered, "to the extent practicable and in good faith, to take all reasonable steps during the remainder of the Diversity Visa fiscal year" to reconsider DV-2026 applications refused solely under the DV or IV pause. In *Ivanov*, the Court issued similar relief limited to the named plaintiffs, approximately 1900 DV-2026 selectees and their beneficiaries. To comply, posts must take the steps outlined below in paragraph 6.

**Applicants Previously Refused under the IV Pause**

5. (SBU) In its order in *CLINIC*, the Court vacated any refusals based solely on the IV Pause, remanding those cases for reconsideration by the consular officer without application of the IV Pause. For certain named plaintiffs in *Storie*, the Court ordered the Department to take specific actions with respect to reconsideration of those refusals. In *Storie*, the Court issued similar relief limited to named plaintiffs, and for applications from those plaintiffs refused under the IV pause, posts must take the steps outlined below by September 24, as the Court has

ordered the Department to "complete the adjudication" within 30 days of the court's order. The Visa Office will contact posts directly to identify plaintiffs covered by this order.

**Applicants Previously Refused under the IV or DV Pause**

6. (U) **ACTION REQUEST:** To comply with the courts' orders, posts must take the following steps:

- Immediately begin reviewing IV or DV-2026 cases that were previously refused under INA 221(g) solely for the DV or IV pause. Posts should immediately take steps to notify the applicants in writing to request any missing documents, including updated medicals, and continue all processing on these cases. See paragraph 10 for more on locating prior refusals.
- As needed in reconsidering cases, posts may require applicants to re-appear for an additional interview in accordance with standard Department guidance on IV processing. Immigrant visa units should, however, prioritize reconsideration of IV or DV-2026 cases previously refused under the IV or DV pause. In doing so, posts should begin reviewing cases starting with those refused first, beginning on December 20, 2025 (for the DV pause) and beginning on January 21 (for the IV pause), and move chronologically through such refusals to the present. Consular officers must assess whether applicants remain qualified and eligible for the visa in accordance with all Department policies and guidance regarding IV and DV adjudications. To do so, given the amount of time that has passed from the initial interview, consular officers are encouraged to reinterview the applicant in person for a full, comprehensive assessment.
- In allocating its immigrant visa appointment capacity, posts should prioritize DV-2026 applicants whose interview appointments were originally scheduled between August 23, 2026, and September 30, 2026, but who were rescheduled. Posts must contact these applicants with instructions regarding interviews and required documents. GSS-supported posts should work with their TOM or SPOC on the rescheduling of DV cases.
- In all immigrant visa cases, including Diversity Visa cases, posts must complete a public charge worksheet as directed in Ref C, and are reminded of the need to complete the comprehensive training on tools to assess the public charge visa ineligibility, in accordance with REF E.

- The Visa Office will contact consular sections directly regarding previous refusals of plaintiffs in *Storie*, in order to ensure appropriate actions are undertaken to comply with the Court's 30-day timeline.

7. (U) In reconsidering cases previously refused solely under the IV pause or the DV pause, consular officers must overcome the INA 221(g) refusal entered for the DV and/or IV pause, making the specific applicable case note below:

- IV Pause cases: **"As of August 21, 2026, in accordance with the Court's order in *CLINIC et al. v. Rubio, et al.*, the January 2026 pause of immigrant visa issuance to nationals of 75 countries is no longer in effect."**

- DV Pause cases: **"As of August 28, 2026, in accordance with the Court's order in *Medani et al. v. Trump et al.*, (or as of August 25, 2026 for named plaintiffs in *Ivanov v. Trump* and consolidated cases) the December 2025 pause of diversity visa issuance is no longer in effect."**

8. (SBU) Consular officers should then enter individual INA 221(g) refusals for anything else required in the case, if applicable, to include updated medical exams, security vetting, or other missing information necessary to adjudicate the case. Consular officers must make clear notes as to the specific reasons for any new refusal, and in both case notes and any communication with the applicant, clearly articulate any reason for an INA 221(g) refusal. Consular officers must NOT refuse any DV or IV applications under INA 221(g) based on either the now-vacated IV or DV pauses. Consular officers must still ensure that the applicants are fully qualified for the visas they seek, and must complete the public charge worksheet (Ref C). Applications that are ineligible under the INA, including under INA Section 212(f) pursuant to Presidential Proclamation 10998, do not require additional processing beyond overcoming the IV or DV pause refusal.

**Resuming Appointments for DV-2026**

9. (U) In *Medani*, with respect to all DV-2026 selectees and derivative beneficiaries, the Court ordered the Department "to the extent practicable and in good faith, to take all reasonable steps during the remainder of the Diversity Visa fiscal year" to resume ordinary adjudication of pending applications. In all immigrant visa cases, including Diversity Visa cases, posts are reminded of the need to complete a public charge worksheet as directed in Ref C, and the need to complete the comprehensive training on tools to assess the public charge visa

ineligibility, in accordance with REF E. In allocating its immigrant visa appointment capacity, posts should prioritize DV-2026 applicants whose interview appointments were originally scheduled between August 23, 2026, and September 30, 2026, but who were rescheduled. Posts must contact these applicants with instructions regarding interviews and required documents. GSS-supported posts should work with their TOM or SPOC on the rescheduling of DV cases.

**Locating cases refused under IV or DV Pause**

10. (SBU) All posts must run the 221g Tracker report [redacted] to identify cases refused under the IV or DV pause. [redacted]

11. (U) **Website Updates, Correspondence, and Messaging:** Consular sections and third-party visa processing centers may respond to inquiries about DV or IV pause cases with the following language, after first verifying the applicant is not a named plaintiff in *Storie v. Trump*:

"*As of August 21, 2026, in accordance with the Court's order in CLINIC et al. v. Rubio, et al., the January 2026 pause of immigrant visa issuance to nationals of 75 countries is no longer in effect. As of August 28, 2026, in accordance with the Court's order in Medani et al. v. Trump et al., the December 2025 pause of diversity visa issuance is no longer in effect.*

*Cases refused under the IV or DV issuance pauses are being reviewed in the order in which they were refused. If your application was refused under INA 221(g) solely based on the IV or DV issuance pause, the consular section will contact you for further processing*."

12. (SBU) Posts **MUST** ensure that post websites and other locally produced messaging no longer reference the now vacated pauses. CA and GPA have updated banners on English language post websites and GSS sites. Specifically, posts should review and update [redacted] to remove pause references, and update banners and articles posted on any non-English language website pages

to remove pause references and to match the updated English language versions on the Embassy home page, which link back to TSG. All consular sections should confirm with their CA/VO/F analyst by Friday, September 11 that post has reviewed all locally managed content and made any necessary updates, to reflect these orders.

13. (SBU) As always, Posts should refer policy-focused Congressional inquiries to the Congressional Affairs Unit at [redacted]. Posts must take care not to conflate IV rescheduling questions with questions about the DV or IV pause. Posts may respond to inquiries about IV rescheduling as follows:

> In early August, the Department of State launched a global training initiative at all of our embassies and consulates worldwide. To accommodate this in-depth training, appointments for immigrant visa (IV) services will be adjusted. Applicants whose IV interview appointments have been rescheduled will receive email confirmation of the new appointment date and time as appointments become available. These applicants should not appear at the consular section until directed to do so with a rescheduled appointment. Whenever there are updated instructions for visa applicants or changes to visa interview appointments, embassies and consulates communicate this information directly to visa applicants.

14. (SBU) Posts must direct all media inquiries on IV and DV processing (including those from local outlets, as well as U.S. and international media) to GPA's [redacted].

| | |
|---|---|
| **Signature:** | RUBIO |
| **XMT:** | BASRAH, AMCONSUL; CHENGDU, AMCONSUL; KABUL, AMEMBASSY; MINSK, AMEMBASSY; SANAA, AMEMBASSY; ST PETERSBURG, AMCONSUL; UNESCO PARIS, USMISSION; VLADIVOSTOK, AMCONSUL; YEKATERINBURG, AMCONSUL |

**UNCLASSIFIED**
SBU