UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC. (CLINIC), et al.,<br>Plaintiffs,<br><br>-v-<br><br>MARCO RUBIO, *in his official capacity as Secretary of State*, et al.,<br><br>Defendants. | 26-CV-00858 (JAV)<br><br><u>ORDER TO SHOW CAUSE</u> |

JEANNETTE A. VARGAS, United States District Judge:

In its August 21, 2026 Opinion and Order (ECF No. 83) (the "Opinion"), this Court granted partial judgment to Plaintiffs on Counts One and Seven of the Complaint, declaring that the Policy categorically suspending the issuance of immigrant visas to applicants from 75 designated countries was contrary to law and in excess of statutory authority. The judgment set aside and vacated any refusal of an immigrant visa based solely on the Policy and remanded those agency actions for further proceedings consistent with the Opinion.

The Court held a conference with the parties on August 31, 2026, to discuss Defendants' compliance with the Court's Opinion. ECF No. 94. During that conference, the Court expressed concern regarding Defendants' intentions for processing the visa applications that were subject to the Court's vacatur and remand order. For each of the visa applications in question, the consulate processing those applications had previously determined that such applications did not fall within the public charge provisions of 8 U.S.C. § 1182(a)(4). The Court expressed concern as to whether the Department of State was intending, on remand, to now revisit the consular officer's prior public charge determination. *Id.* at 21:3-25. Counsel for Defendants represented

that the Department of State did not intend to perform a new public charge analysis with respect to these applications. *Id.*

On September 8, 2026, Defendants submitted a status report (ECF No. 96) concerning implementation of the remand of immigrant-visa applications that were refused solely pursuant to the Department of State's January 14, 2026 guidance. Contrary to their prior representation, Defendants now state that "[r]emanded cases will be reconsidered by adjudicating consular officers in accordance with the Department's guidance on public-charge inadmissibility and other Department guidance relevant to determining an applicant's qualifications and eligibility for an immigrant visa" and that "Consular officers will use additional adjudication tools deployed since the January 14 guidance." ECF No. 96 ¶ 6.

Defendants state that there is "no fixed date by which reconsideration of all affected applications will be completed" and that "affected cases will proceed on a rolling basis as they are identified and reviewed, and the timing of individual cases will depend on circumstances including whether manual review, updated documentation, or an additional interview is required." *Id.* ¶ 5.

There is some doubt, based on the current record, that Defendants are acting in compliance with the judgment entered by this Court. Plaintiffs represent that "immigrant visa appointments have been canceled globally through September" and that "to date no one, not any Plaintiff or any of the over 43,000 visa applicants whose applications were refused under the illegal Visa Ban, has in fact had their case taken out of administrative processing." ECF. No. 97 at 2. Plaintiffs further argue that Defendants' actions, which have "delayed implementing the Court's order so that new public-charge tools and training requirements can be retroactively applied to over 43,000 people who had already been found not to be inadmissible on public-

charge or any other ground," are "flatly inconsistent" with the Court's order requiring Defendants to begin processing the remand of the individual applicants who were already found to be not subject to the public charge provisions. *Id.* at 7.

Although the Court did not enter an injunction requiring Defendants to complete its processing of the remanded immigrant-visa applications by a date certain, *see Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165-66 (2010), "a federal court that has entered a decree within its jurisdiction has inherent authority to enter an injunctive order designed to effectuate that decree." *Motown Records Co., L.P. v. Motown Beverage Co. of Ohio*, 28 Fed. App'x 107, 109 (2d Cir. 2002) (summary order).

Accordingly, it is hereby **ORDERED** that the parties show cause why an injunction should not issue requiring the Government to complete its adjudication of remanded petitions by a date certain.

SO ORDERED.

Dated: September 24, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge