**From:** [redacted]
**To:**
**Subject:** Message to Posts: Updated Guidance on IV and DV Pause Vacatur
**Date:** Monday, September 21, 2026 2:37:57 PM

Dear Colleagues,

In accordance with the guidance transmitted in 26 STATE 88862 regarding implementation of court orders in *CLINIC et al. v. Rubio, et al.*, and *Medani, et al. v Trump et al.*, consular sections must take the steps described in that ALDAC to review and reconsider any visa case that was refused solely based on the IV or DV pauses, by overcoming the prior refusal under INA 221(g). Consular sections must also take the steps referenced in that same ALDAC to resume processing of DVs. All IV and DV cases must undergo a screening and vetting review through the standard IVAR process. See instructions below.

**Prioritization:** In general, posts should follow the review process outlined in 26 STATE 88862, in addition to prioritizing:

- Any named plaintiff in cases sent to post by VO or L/CA
- Any cases previously submitted by a COM for IV Issuance Pause exception consideration

**Correspondence:** Posts may respond to routine inquiries about IV cases only with the language from Paragraph 11 in 26 STATE 88862 when responding to inquiries about IV and DV pause cases:

"*As of August 21, 2026, in accordance with the Court's order in* CLINIC et al. v. Rubio, et al.*, the January 2026 pause of immigrant visa issuance to nationals of 75 countries is no longer in effect. As of August 28, 2026, in accordance with the Court's order in* Medani et al. v. Trump et al.*, the December 2025 pause of diversity visa issuance is no longer in effect.*

*Cases refused under the IV or DV issuance pauses are being reviewed in the order in which they were refused under INA 221(g). If your application was refused under INA 221(g)solely based on the IV or DV issuance pause, the refusal can be overcome and the consular section will contact you for further processing.*"

[redacted]

**Public Charge Training**: All adjudicating officers and managers must

complete the online portion of the public charge training and must follow the mandatory IV adjudication review guidelines in 26 STATE 89798 before resuming processing. Consular officers may require applicants to appear for reinterview as needed, in order to collect information necessary for a comprehensive public charge review and completing the mandatory worksheet. Applications should be adjudicated in accordance with standard guidance and policies, including finding applicants ineligible under INA 212(a)(4)(A) if there is reason to believe that they are likely at any time to become a public charge.

**IVAR:** For IV or DV applications that are determined by a consular officer to be eligible, the case must be print authorized and a manager must complete an adjudication review. Once this review is complete, a consular manager must enter the case note #IVAR and submit the case for additional adjudication review [redacted]

- Following the IVAR review process, the consular section will receive an email with instructions on how to retrieve a PDF worksheet with additional facts that may inform an officer's assessment of an applicant's eligibility.
- The IVAR report is not an adjudication but adjudicating officers should consider the information in light of the basis for issuance, especially prior findings of fact. The adjudicating officer must review the report thoroughly and address any concerns in case notes.
- All PDF worksheets must be uploaded into IVO.

[redacted]

**Tracking**: Posts are required to fill out this data call daily to track case progress: IV and DV Pause Case Tracking

Thank you,

The Visa Office

This email was sent to MCCAs, Consular Chiefs, Deputy Consular Chiefs, Visa Chiefs and IV Chiefs listed in the CCD.

Sent by VO/F [redacted]

SENSITIVE BUT UNCLASSIFIED