# Exhibit A

CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROKSANA MEDANI *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as, the President of the United States*, *et al.*,<br><br>Defendants. | CASE No. 5:26-cv-06332-EJD<br><br>**DEFENDANTS' SEPTEMBER 25, 2026 STATUS REPORT**<br><br>Hon. Edward J. Davila |

Pursuant to Court's Order Enforcing Preliminary Injunction (ECF No. 93), Defendants respectfully submit the following status report:

**(1) Updated numbers on scheduling and adjudications for named Plaintiffs**

(a) How many of the named Plaintiffs in this case have had their applications adjudicated or have been scheduled interviews?

**Response**: U.S. Department of State ("Department") is unable to identify the number of interviews and reinterviews that have been scheduled and conducted for named Plaintiffs in this litigation. Determining the number of interviews and reinterviews would require case-by-case manual review, which could not be accomplished prior to the filing of this status report.

In the status report filed on September 23, 2026 (ECF No. 119), Defendants reported that 368 named Plaintiffs had not made or filed a visa application, as defined under 22 C.F.R. 40.1(*l*), and consequently had not received an adjudication, 555 named Plaintiffs received decisions prior to the Court's Order on August 28, 2026 (ECF No. 83, the "Order"), but had not received a new decision since that date, and 273 had received new decisions since the Order. Defendants provide the following updates:

(1) Of the 368 named Plaintiffs that had previously not made or filed a visa application, 26 received decisions on their visa applications since the last status report. Of that, consular officers approved 11 for issuance and refused 15.

(2) Of the 555 named Plaintiffs that had received decisions prior to the Order, but had not received new decisions since that date, 143 received a new decision since the last status report. Of that, consular officers approved 102 for issuance and refused 41.

(3) Of the 273 named Plaintiffs that had received new decisions since the Order, 48 received a re-adjudications since the last status report. Of that, consular officers approved 43 for issuance and refused 5.

(2) **As of this filing, the following steps have been taken by the U.S. Department of State to comply with the Court's order**

(b) In accordance with the Court's August 28, 2026 Order, the Department has been treating the pause on the issuance of Diversity Visas as no longer operative. Consistent with the order in *Catholic Legal Immigration Network, Inc. (CLINIC), et al. v. Rubio*, 26-cv-0858-JAV

(S.D.N.Y.), the Department has been treating the policy reflected in 26 STATE 3740, "Pausing Immigrant Visa Issuances for Nationalities at High Risk of Public Charge" ("IV Pause Policy") as no longer in effect.

(c) The Department's websites continue to notify applicants and the public that the two policies have been vacated. The Department, through U.S. embassies and consulates, continues to take action to remove references to both vacated policies as such references are discovered on vendor and post-specific websites, as directed by the Department.

(d) In accordance with the Court's August 28, 2026 Order, the Department has been treating the pause on the issuance of Diversity Visas as no longer operative. Consistent with the Order in *Catholic Legal Immigration Network, Inc. (CLINIC), et al. v. Rubio*, 26-cv-0858-JAV (S.D.N.Y.), the Department has been treating the Department of State policy reflected in 26 STATE 3740, "Pausing Immigrant Visa Issuances for Nationalities at High Risk of Public Charge" ("IV Pause Policy") as no longer in effect.

(e) The Department's websites continue to notify applicants and the public that the two policies have been vacated. The Department, through U.S. embassies and consulates, continues to take action to remove references to both vacated policies as such references are discovered on vendor and post-specific websites, as directed by the Department.

**(3) Additionally, the Department has implemented the following guidance to diplomatic and consular posts, which may affect the adjudication of some Diversity Visa applicants**

As set forth in the Department's prior status report, following months-long planning and deliberations by the Department that had begun prior to this Court's Order and the *CLINIC* court's Order on August 21, 2026, the Department instructed all regional posts to complete a set of required training related to public charge inadmissibility before processing and adjudicating immigrant visa applications.

Regional posts that have not completed such training had generally not been permitted to resume immigrant visa processing, subject to certain exceptions, including an exception for applications submitted by a named Plaintiff in this action or a plaintiff in *Ivanov v. Trump*, No. CV 26-2272 (RJL) (D.D.C.); *CLINIC v. Rubio*, No. 26-cv-858-JAV (S.D.N.Y.); *Storie v. Trump*, 26-cv-0915 (D.D.C.); or other similar litigation that challenge the DV Pause Policy or IV Pause Policy. With the goal of clarifying this guidance,

and as noted in the declaration submitted to this Court on September 21, 2026, the Department further reports that on September 21, 2026, the Department sent an email to consular managers in immigrant visa units across all consulates and embassies. The email affirmed guidance on the review process that was set out in cable 26 STATE 88862, which provided instruction related to this Court's August 28, 2026 Order and the orders in *Storie*, *CLINIC*, and *Medani*. As previously reported, posts have continued processing cases in reliance on that guidance.

To the extent the Department's September 21, 2026 email, or the declaration's description of that email, contained certain processing instructions regarding adjudication review for cases that have been print authorized, the Department wishes to clarify that applications that have been print authorized may be issued, even if the additional adjudication review is not yet complete. The submission for additional possible review does not itself constitute a basis for refusal; however, if the report based on that review identifies information that may have material bearing on the applicant's eligibility and that the consular officer may have previously missed or may consider, the consular officer will assess whether additional action is needed.

**(4) The number of interviews scheduled and held since the last status report**

Since the last status report on September 23, 2026 (ECF No. 113), there have not been any new interviews scheduled for Diversity Visa applicants. Reinterviews have been scheduled for approximately 968 Diversity Visa applicants who were previously interviewed. These reinterviews have generally been scheduled for future dates. As of the time of this filing, no new interviews and 838 reinterviews have taken place since the last status report. The data reported herein remain under ongoing review and are subject to change. To the extent any updates or corrections to these figures are necessary, they will be reflected in the next status report.[1]

[1] The U.S. Department of State data systems do not include information regarding interview dates and times, or changes to those dates and times, including interview scheduling conducted by posts, in a format that can be centrally collected. As a result, information included here regarding interviews scheduled and held needs to be compiled manually from posts around the world, across different time zones. Consequently, the data reported herein remain under ongoing review and are subject to change,

**(5) The number of visas issued and denied since the last status report**

Since the last status report on September 21, 2026, approximately 452[2] Diversity Visa applications have been refused under the Immigration and Nationality Act. During the same time period, approximately 910 Diversity Visa applications have been approved for issuance. Note that certain refusals may include cases where a consular officer identified an applicant who was previously interviewed, but for whom a refusal had not been entered into consular systems.

Date: September 25, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for the Defendants

---

and to the extent any updates or corrections to these figures are necessary, they will be reflected in the next status report.

[2] Defendants note that consular officers refused 2 Diversity Visa applications that were previously approved for issuance. These 2 applications were reported as having been approved for issuance in a prior reporting period, in accordance with their adjudication status at the time. However, the consular officers subsequently refused the two applications during the current reporting period and, as such, they are included in this number.