**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CATHOLIC LEGAL IMMIGRATION NETWORK, INC., et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 1:26-cv-858-JAV |
| MARCO RUBIO, Secretary of State, et al., | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' PROPOSED ORDER**

Plaintiffs' proposed order (ECF No. 120) goes well beyond the reporting requirements that the Court invited Plaintiffs to propose at the October 14 hearing. ECF No. 123 at 46:15–19. If entered, the proposed order would require twice-weekly sworn reporting, broad document production, compliance with adjudication deadlines, and further inquiries into the Department's public-charge procedures. Defendants recognize the Court's concern about implementation, have submitted multiple sworn declarations, and have offered to provide limited sworn reporting if the Court determines that further oversight is warranted. *See* ECF Nos. 90-1, 96-1, 114-1; ECF No. 114 at 16–17. The Court should decline to enter Plaintiffs' proposed order and, if further reporting is warranted, adopt Defendants' narrower reporting proposal.

**A. Plaintiffs' Proposed Reporting and Document-Production Requirements Are Unnecessarily Broad.**

Paragraph 1 of the proposed order would require Defendants to submit twice-weekly status reports supported by sworn declarations addressing sixteen categories of information, with updates on each category until further order. Many of these categories would require information broken down by nationality, consular post, refusal ground, or adjudication status. The reporting categories

encompass staffing levels, interviews, adjudication-review procedures, projected completion dates, and detailed distinctions among visa approvals, issuances, and subsequent refusals or revocations. Paragraph 3 would separately require historical processing statistics for all immigrant visas, broken down by nationality and consular post. These requirements would extend well beyond what is needed to assess whether reconsideration of affected applications is progressing. Aggregate updates and information concerning applicants associated with the named Plaintiffs would address that concern more directly.

Focused reporting is particularly appropriate given the limitations on the Department's ability to compile the information that Plaintiffs request. The October 5 Armstrong Declaration (ECF No. 114-1) explains that determining whether the Policy was the sole basis for a refusal generally requires manual review by individual consular sections. Armstrong Decl. ¶ 8. Likewise, distinguishing visas approved for issuance from ones actually issued requires manual review of individual cases. *Id.* ¶ 9 n.2. Plaintiffs' additional demands for post-specific staffing, scheduling, and interview information would compound that burden. Requiring such granular information on a twice-weekly basis would impose a substantial administrative burden without a corresponding need for that level of detail.

Paragraph 2 would require production of extensive internal guidance, communications, public-charge assessment materials, and documents concerning training and adjudication-review procedures. That request would amount to broad discovery into agency operations and procedures that have not been adjudicated unlawful. As the Court recognized at the October 14 hearing, it lacks a developed record concerning the new public-charge procedures, and the parties have not yet litigated their lawfulness. ECF No. 123 at 38:2–12. Information necessary to monitor implementation of the Judgment should be distinguished from a broader investigation of those

procedures. Paragraph 2(h) would also require Defendants to provide Plaintiffs with unredacted documents over which Defendants assert privilege, subject to a protective order, before the Court resolves those privilege claims. But a protective order limiting further disclosure does not eliminate otherwise applicable privileges. *See* Fed. R. Civ. P. 26(b)(1), (b)(5)(A). Any production requirement should preserve applicable privileges rather than require disclosure of disputed materials to Plaintiffs before their claims of privilege are resolved.

**B. The Proposed Adjudication Deadlines Are Unwarranted.**

Paragraph 4(a) would require Defendants to complete covered visa adjudications within thirty days of documentary qualification. The Judgment imposed no such deadline, as the Court acknowledged at the October 14 hearing. ECF No. 84 at 1; ECF No. 123 at 10:24–11:3. The Opinion expressly declined to direct any "particular outcome or process" on remand, provided refusals are not based on the Policy. ECF No. 83 at 58. Documentary qualification does not establish completion of security screening, availability of a visa number, or ultimate eligibility. Armstrong Decl. ¶ 12. A thirty-day deadline would not adequately accommodate those requirements and could lead to additional § 221(g) refusals rather than completed processing. *Id.* ¶ 14; ECF No. 114 at 12–14.

Extending deadlines to organizational members and clients identified in the future would also create potentially open-ended obligations. Plaintiffs have not shown that those obligations are necessary to provide complete relief to the parties before the Court. Defendants incorporate their existing objections to that expansion. ECF No. 114 at 14–16. Paragraph 4(b)'s three-day document-deficiency notification requirement is also unnecessary given Defendants' narrower reporting proposal, under which they would report the status of applications associated with named Plaintiffs, including any outstanding steps and scheduled next actions.

**C. The Proposed Inquiry into the August 31 Hearing Is Unnecessary.**

Paragraph 5 seeks sworn explanations of counsel's August 31 representations and the development of public-charge procedures. The Armstrong Declaration explains that implementing guidance remained under development at that hearing and that the Department subsequently clarified that remanded cases would use the same tools as other pending immigrant-visa cases. Armstrong Decl. ¶ 7. The Court thus has a sworn explanation of the difference between the understanding conveyed at the hearing and the subsequently clarified procedures. Plaintiffs have not shown that their detailed inquiry is necessary to monitor implementation.

**D. Any Additional Reporting Should Be Narrowly Tailored.**

If the Court concludes that further oversight is appropriate, Defendants renew their proposal for two sworn declarations, fourteen days apart. ECF No. 114 at 16–17. Each declaration would report, as of a stated date: (1) the approximate number of applications previously refused while the Policy was in effect, where the Policy was at least one ground for refusal, that have been adjudicated since August 21, 2026; (2) of those applications, the approximate numbers approved for issuance or issued and refused under the INA; and (3) the status of each visa applicant associated with a named Plaintiff, including derivative applicants, identifying any outstanding step and scheduled next step for pending applications.

That alternative would permit assessment of progress without Plaintiffs' extensive reporting, production, and mandatory adjudication requirements. It would provide a focused means of monitoring implementation of the Judgment without unnecessarily intruding into individualized consular adjudications. Defendants respectfully request that the Court decline to enter Plaintiffs' proposed order and adopt their narrower alternative only if further reporting is deemed necessary.

Dated: October 16, 2026

Respectfully Submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

TYLER BECKER
*Counsel to the Assistant Attorney General*

MATTHEW P. SEAMON
*Assistant Director*

*/s/ Julian M. Kurz*
JULIAN M. KURZ
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-7283
julian.m.kurz@usdoj.gov

SUSAN ANSARI
*Trial Attorney*

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Julian Kurz, hereby certify that on October 16, 2026, I filed the foregoing brief with the Court's electronic filing system, which electronically served this brief on all counsel of record.

*/s/ Julian M. Kurz*
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice

**CERTIFICATE OF COMPLIANCE**

I, Julian Kurz, hereby certify that this brief contains 1,011 words and thus complies with the 8,750-word limit imposed by Local Civil Rule 7.1(c) and the Court's Individual Rule 5.A.

*/s/ Julian M. Kurz*
JULIAN M. KURZ
Trial Attorney
U.S. Department of Justice