DEMOCRACY FORWARD

October 19, 2026

FILED ELECTRONICALLY BY ECF
Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

Re: Response to Defendants' "Notice of Second Circuit Stay Order and Request to Defer Consideration of Proposed Enforcement Order" (ECF 126), *CLINIC et al. v. Rubio, et al.*, 26-cv-858

Dear Judge Vargas:

Plaintiffs write in response to Defendants' request to defer consideration of Plaintiffs' proposed enforcement order, which they oppose.

*First*, Defendants incorrectly contend that the pending motion to show cause and Plaintiffs' submissions seeking enforcement of the Court's August 21, 2026 order concern only the portion of the Court's order vacating and remanding "any refusal of an immigrant visa that was based solely on the policy" that was stayed pursuant to an administrative stay pending decision on Defendants' stay motion by a motions panel. ECF 126 at 1. On the contrary, Plaintiffs have consistently sought enforcement of the Court's order *vacating* the Visa Ban. *See* ECF 86 at 3-8; ECF 91 at 2-7; Tr. (Aug. 31) at 6-12; ECF 97 at 2-7; ECF 115 at 1-6; Tr. (Oct. 14) at 18-21, 28-33; ECF 120 at 2-10.

The impact of that vacatur is undisputed. The effect of that order was to "restore the status quo" before the unlawful Visa Ban took effect. ECF 83 at 55; *Action on Smoking & Health v. Civ. Aero. Bd*., 713 F.2d 795, 797 (D.C. Cir. 1983) (vacating the policy "had the effect of reinstating the rules previously in force"); *Nat'l TPS All. v. Noe*m, 166 F.4th 739, 760 (9th Cir. 2026) (a set aside of agency action "declares that a past agency action was unlawful and returns the world to the status quo, before that unlawful action"). Here, the status quo ante before the unlawful Visa Ban was the INA legal framework governing visa applications, which required consular officers to adjudicate visa applications and to issue, refuse, or deny them on a statutorily enumerated ground. ECF No. 83 at 38-39 (discussing controlling law). Once the Court vacated the Visa Ban, that preexisting legal regime requiring visa processing came back into effect and required consular officers to issue, refuse, or deny visas on statutory grounds to all applicants, including applicants who were previously refused and placed in administrative processing solely because of the Visa Ban. As the Court noted in denying Defendant's motion for a stay pending appeal, its ruling "striking down the Policy as contrary to law requires Defendants to adjudicate anew visa applications for individuals who had previously been refused based on the Policy . . . . The

restoration of the status quo is nothing more than the usual and natural consequence of striking down a policy as unlawful under the APA." ECF No. 109 at 4.

The authorities cited in the administrative stay order have no bearing on the effect of a vacatur. *Dep't of State v. Muñoz*, 602 U.S. 899, 908 (2024), and *Chen v. Rubio*, 158 F.4th 393, 395-97 (2d Cir. 2025), involved plaintiffs asking a court to review a consular officer's decision to *deny* a visa, not the effect of a vacatur of an agency-wide policy such as the Visa Ban. And *American Public Health Ass'n v. Nat'l Institutes of Health*, 145 F.4th 39 (1st Cir. 2025) merely observed that "a judicial order vacating an agency rule does not automatically void every decision the agency made pursuant to that rule." *Id.* at 50 (emphasis in original). But that decision says nothing about the legal effect of a policy vacatur on applications placed in administrative processing *en masse* like those subject to the Visa Ban.

Indeed, Defendants do not contend otherwise, conceding in their summary judgment brief that vacatur of the Visa Ban would require "renewed, case-specific adjudications under the INA's ordinary framework. Whether any particular applicant would then receive a visa would still depend on officer-level application of existing statutory standards to the facts of that case." ECF 61 at 24; *see also* ECF 67 at 14 (asserting that vacatur of the Visa Ban "would . . . return Plaintiffs to renewed consular adjudication, where consular officers could still request more evidence or refuse on existing grounds").

Given that the vacatur's reestablishment of the status quo ante requires renewed, case-specific adjudications under the INA's ordinary framework for all visas refused under the Visa Ban and placed in administrative processing, the Department of State should have been adjudicating those visas from the moment the Court's order issued on August 21. ECF 83. But as the briefing to date makes plain, the government clearly has not done that and has instead taken numerous actions to frustrate effectuation of the Court's vacatur order. *See* ECF 115 at 1-6; ECF 114-1, ¶ 9 (admitting that only 706 of approximately 43,000 visas that were refused solely based on the Visa Ban had been adjudicated since the Court's order and nearly 60% had been refused again). Plaintiffs' proposed order provides an enforcement framework for that status quo, not to the separate order remanding visas.

*Second*, in addition to reporting and document production, Plaintiffs' proposed order seeks relief on behalf of the individual Plaintiffs and the Plaintiff organizations' members and clients. ECF 120, ¶ 4. So even if Defendants were correct that the pending show cause order and Plaintiffs' motion to enforce relate only to the Court's visa remand order—and they are not—that would still not warrant further delaying relief for Plaintiffs.

At bottom, Defendants seek to further delay in complying with this Court's vacatur of the Visa Ban. The Court should decline the request. Instead, the Court should enforce its order as proposed by Plaintiffs, restore the "status quo ante," and preclude "defendants [from] seeking shelter under a current 'status quo' precipitated by their wrongdoing." *N. Am. Soccer League, LLC v. United States Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

Dated: October 19, 2026

Respectfully submitted,

/s/ Erez Reuveni
Erez Reuveni*
DEMOCRACY FORWARD
FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 316-9538
ereuveni@democracyforward.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Erez Reuveni, hereby certify that on October 19, 2026, I filed the foregoing Document with the Clerk of the Court for the United States District Court for the Southern District Court of New York using the CM/ECF system. Notice of this filing is being sent by operation of the Court's electronic filing system to all counsel of record who are registered CM/ECF users.

s/ Erez Reuveni
Erez Reuveni