**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation
Washington, D.C. 20530

October 23, 2026

FILED ELECTRONICALLY BY ECF
Hon. Jeannette Vargas
United States District Court
Southern District of New York
500 Pearl St., Room 703
New York, NY 10007

Re: *CLINIC et al. v. Rubio, et al.*, 26-cv-858-JAV — Reply in Support of Request to Defer Enforcement

Dear Judge Vargas:

The State Department's September 10 cable and September 21 guidance govern the review and reconsideration of immigrant-visa applications previously refused solely because of the January 14 Policy. That administrative processing continues notwithstanding the Second Circuit's October 19 temporary stay. But the stay has decisive legal significance: it suspends the district court's judgment vacating and remanding individual Policy-only refusals, without foreclosing the Department's administrative reconsideration under its September 10 guidance and applicable regulations. That administrative processing, however, does not authorize this Court to compel the very reconsideration remedy that the Second Circuit has stayed. Defendants therefore request that the Court defer consideration of Plaintiffs' proposed enforcement order until the appellate panel rules on the pending stay motion.

The September 10 cable informed posts that the January 14 Policy was no longer in effect pursuant to this Court's judgment, rescinded the January 14 implementing guidance, and prohibited further refusals based on the Policy. ECF No. 107-4 ¶ 2. It also directed posts to identify prior Policy-only refusals, begin reviewing those cases, contact applicants about missing documents, and continue processing. *Id.* ¶¶ 6, 10. When consular officers reconsider an application previously refused solely under the Policy, they must mark the pause-related § 221(g) refusal as overcome in consular systems, assess the applicant's current eligibility, and document any independent basis for a new refusal. *Id.* ¶¶ 6–8. On October 23, State Department counsel confirmed that these instructions remain unchanged. Thus, the answer to the Court's question is yes: under the Department's presently operative instructions, affected cases continue to undergo review and, when appropriate, further processing and adjudication.

The October 5 Armstrong declaration confirms that all immigrant-visa-processing posts had resumed processing and were reassessing affected cases. ECF No. 114-1 ¶ 6. Officers consider the existing record and updated information and may require additional documents, interviews,

security screening, and visa-number availability before a case can be completed. *Id.* ¶¶ 6, 12. The Department has excepted previously pause-refused applications from the in-person public-charge-training prerequisite, although online training and adjudication-review requirements continue to apply. *Id.* ¶¶ 5–6.

These current departmental instructions are distinct from the generally applicable regulation governing reconsideration of a visa refusal. Under 22 C.F.R. § 42.81(e), an applicant who, within one year of refusal, presents further evidence tending to overcome the ground of ineligibility on which the refusal was based is entitled to reconsideration without an additional application fee. Subsection (e) thus establishes an applicant-triggered reconsideration mechanism; it does not itself require the Department to identify and reopen previously refused applications on its own initiative. The September 10 cable directs affirmative review beyond that ordinary applicant-triggered mechanism. ECF No. 107-4 ¶¶ 6, 10.

The Judgment provided two forms of vacatur: it set aside the Policy itself and vacated and remanded refusals based solely on that Policy. ECF No. 84 at 1. The Second Circuit left the first form of relief intact while temporarily staying the second. ECF No. 126-1 at 1. The State Department therefore may no longer apply the Policy, but the portion of this Court's judgment vacating and remanding prior Policy-only refusals is not enforceable during the stay. *See Nken v. Holder*, 556 U.S. 418, 428–29 (2009) (explaining that a stay "suspend[s] judicial alteration of the status quo").

Plaintiffs contend that vacatur of the Policy restored the status quo ante and thereby requires renewed adjudication of applications previously refused solely under the Policy. ECF No. 127 at 1–2. But the Court cannot give effect to the stayed individual-refusal remedy by treating it as an automatic consequence of the unstayed Policy vacatur. The Second Circuit cited *Am. Pub. Health Ass'n v. Nat'l Insts. of Health*, 145 F.4th 39, 50 (1st Cir. 2025), for the proposition that vacatur of an agency rule does not automatically void decisions made pursuant to it. ECF No. 126-1 at 2. In the same litigation, the Supreme Court stayed the vacatur of individual grant terminations while declining to stay the vacatur of the underlying guidance. *Nat'l Insts. of Health v. Am. Pub. Health Ass'n*, 145 S. Ct. 2658, 2660 (2025); *see also id.* at 2661 (Barrett, J., concurring in the partial grant of stay). If Policy vacatur alone authorized compelled reconsideration of every prior refusal, the Second Circuit's order staying vacatur and remand of those refusals would have no operative effect.

Defendants recognize that their summary-judgment briefs contemplated renewed case-specific adjudication as a consequence of vacatur, and that this Court later described such reconsideration as a natural consequence of setting aside the Policy. ECF No. 61 at 24; ECF No. 67 at 14–15; ECF No. 109 at 4. Those statements predate the Second Circuit's intervening order. And they do not establish that the district court may enforce the stayed portion of its judgment. Nor does the fact that applicants remain in administrative processing transform the Second Circuit's stay of "any refusal" based solely on the Policy into a nullity. ECF No. 126-1 at 1.

Plaintiffs' proposed enforcement order would convert the Department's ongoing administrative reconsideration into judicially compelled relief. It would impose 30-day deadlines for individual Plaintiffs and applications identified by organizational Plaintiffs, require twice-

weekly sworn reports tracking the reconsideration and disposition of previously refused applications, and compel broad production concerning the Department's adjudication procedures and public-charge tools. ECF No. 120 ¶¶ 1–2, 4. The Judgment imposed no such completion deadlines, and this Court declined to dictate a particular process on remand. ECF No. 84 at 1; ECF No. 83 at 58. The Second Circuit's partial stay likewise contains no exception for named Plaintiffs or organizational members and clients. ECF No. 126-1 at 1. The Court should not impose new deadlines and continuing judicial supervision to enforce the very individual-refusal remedy that the Second Circuit has stayed.

Even assuming that this Court retains authority to enforce the unstayed vacatur of the Policy, that authority cannot be exercised to obtain, through adjudication deadlines and supervisory obligations, the individual-refusal relief that the Second Circuit has suspended. Defendants respectfully request that the Court defer consideration of Plaintiffs' proposed enforcement order until the appellate panel resolves the pending stay motion.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

TYLER BECKER
*Counsel to the Assistant Attorney General*

MATTHEW SEAMON
*Assistant Director*

SUSAN ANSARI
*Trial Attorney*

*<u>/s/ Julian M. Kurz</u>*
JULIAN M. KURZ
*Trial Attorney*
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 598-7283
julian.m.kurz@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Julian Kurz, hereby certify that on October 23, 2026, I filed the foregoing brief with the Court's electronic filing system, which electronically served this brief on all counsel of record.

*/s/ Julian M. Kurz*
JULIAN M. KURZ
*Trial Attorney*
U.S. Department of Justice

**CERTIFICATE OF COMPLIANCE**

I, Julian Kurz, hereby certify that this brief contains 1,015 words and thus complies with the 1,250-word limit imposed by the Court's October 20 Order.

*/s/ Julian M. Kurz*
JULIAN M. KURZ
*Trial Attorney*
U.S. Department of Justice