NATIONAL IMMIGRATION LAW CENTER

November 20, 2026

**VIA ECF**

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

**Re: Unopposed Letter Motion for Leave to File Attachments and Exhibits to Declarations in Support of Plaintiffs' Motion for a Stay Under 5 U.S.C. § 705 and Preliminary Injunctive Relief with Limited Redactions of Sensitive Personal Information - *CLINIC et al. v. Rubio et al.*, Civil Action No. 1:26-cv-00858-JAV**

Dear Judge Vargas,

Pursuant to Federal Rule of Civil Procedure 5.2(e) and Section 10(C)(iii) of the Court's Individual Rules and Practices ("Individual Rules"), Plaintiffs respectfully request advance leave to file certain attachments to declarations submitted in support of Plaintiffs' Motion for a Stay under 5 U.S.C. § 705 and for Preliminary Injunctive Relief on November 23, 2026, with narrowly tailored redactions of personal identifying and contact information. The proposed redactions are limited to screenshots and copies of emails attached to the declarations of individual Plaintiffs and consist of sensitive identifying numbers, personal contact information, and information that could reveal the location or identity of minor children.

Section 10(C)(i) directs the party seeking redaction to meet and confer with any opposing party in advance. Individual Rules § 10(C)(i). Pursuant to that Rule, the parties met and conferred on September 19, 2026. Defendants do not oppose the request and agree that the proposed redactions are appropriate given Plaintiffs' privacy and safety concerns in this high-profile, internationally-followed immigration litigation. Plaintiffs recognize that agreement alone is insufficient and therefore briefly explain why the request satisfies Rule 5.2(e) and the public-access principles set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

Plaintiffs seek to redact only: (1) passport numbers, immigration application, receipt, and case numbers, and similar identifying numbers; (2) personal email addresses; (3) personal telephone numbers; (4) school names and street addresses identifying where minor children attend school, while leaving city and state visible; and (5) information already protected under Federal Rule of Civil Procedure 5.2 and Local Rule 5.2, including social security numbers, dates



**Los Angeles**
3450 Wilshire Blvd. #108 - 62 | Los Angeles, CA 90010
(213) 639-3900

**Washington, DC**
P.O. Box 34573 | Washington, DC 20043
(202) 216-0261

**www.nilc.org**

of birth, financial account numbers, names of minor children, and home street addresses.

Federal Rule 5.2(e) authorizes the Court, "[f]or good cause," to "require redaction of additional information." Fed. R. Civ. P. 5.2. Under Section 10(C), redactions "must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access" under *Lugosch*. Individual Rules, Section 10(C). Under *Lugosch*, the Court (1) determines whether the material is a judicial document, (2) determines the weight of the presumption of access, and (3) balances competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119–20.

Each category of proposed redactions satisfies the standard set forth in *Lugosch.* The attachments to the Individual Plaintiffs' declarations qualify as judicial documents because they are to be submitted in support of Plaintiffs' Motion for a Stay under 5 U.S.C. § 705 and for Preliminary Injunctive Relief. But the particular information Plaintiffs seek to redact consists solely of personal contact information, immigration-identifying numbers, and information that would reveal the location of minor children. That information has no bearing on the Court's evaluation of Plaintiffs' claims, the evidence supporting preliminary relief, or any issue the Court must decide. As a result, the presumption of public access is at its weakest. By contrast, disclosure would expose Plaintiffs and their families to concrete risks of harassment, intimidation, misuse of personally identifying information, and threats to the privacy and safety of minor children in a high-profile and closely watched immigration case. Under *Lugosch*, 435 F.3d at 119–20, those substantial privacy and safety interests decisively outweigh any negligible public value in disclosure of these discrete data points. The proposed redactions are narrowly tailored. Plaintiffs do not seek to seal any declaration, proceed anonymously, redact any Plaintiff's name, or withhold facts relevant to the motion. The Court's analysis of likelihood of success, irreparable harm, the balance of equities, and the public interest does not depend on personal contact information, identifying numbers, or school street addresses. Accordingly, the presumption of public access carries little weight as to these discrete data points.

At the same time, under *Lugosch,* Plaintiffs' privacy and safety interests are substantial. Courts routinely recognize that personal contact information and identifying information may be redacted where disclosure would create a risk of harassment, intimidation, identity theft, or physical safety concerns, particularly in high-profile matters. *See, e.g., United States v. Adams*, 2025 WL 844340 (S.D.N.Y. Mar. 18, 2025); *Marsh & McLennan Cos. v. Howden US Servs.*, *LLC*, 2026 WL 508603 (S.D.N.Y. Feb. 24, 2026); *In re Google Digital Advertising Antitrust Litigation,* 2026 WL 959978 (S.D.N.Y. Apr. 8, 2026). Courts also routinely recognize these same risks in high-profile FOIA contexts addressing immigration matters. *See ACLU Immigrants' Rts. Project v. U.S. Immigr. & Customs Enf't,* 58 F.4th 643, 656 (2d Cir. 2023) (recognizing FOIA's privacy exemptions "support ICE withholding A-Numbers from the public because their content is effectively all PII," while requiring substitution of neutral identifiers to preserve public access to non-exempt records); *Project S. v. U.S. Immigr. & Customs Enf't,* No. 21-CV-8440 (ALC) (BCM), 2024 WL 1116164, at *9, *13 (S.D.N.Y. Mar. 12, 2024) (FOIA



**Los Angeles**
3450 Wilshire Blvd. #108 - 62 | Los Angeles, CA 90010
(213) 639-3900

**Washington, DC**
P.O. Box 34573 | Washington, DC 20043
(202) 216-0261

**www.nilc.org**

case noting unchallenged withholding of detainees' "alien number and name" and of third parties' "phone numbers, email addresses, or other contact information," and finding that ICE "has cause for concern" that additional details about a small group of deportees "could be personally identifying"); *Fams. for Freedom v. U.S. Customs & Border Prot.,* 837 F. Supp. 2d 287, 302 (S.D.N.Y. 2011) (FOIA case, holding that "the email addresses and phone numbers provide the public with no substantive information" and that "[t]he government may redact all email addresses and phone numbers" in Border Patrol records). The same concerns apply here. Public disclosure of Plaintiffs' personal contact information, immigration-identifying numbers, home addresses, or information revealing the location of minor children would provide a direct means for harassment or harm while adding virtually nothing to the public understanding of the issues before the Court.

The requested redactions are also consistent with Rule 5.2(e) and decisions addressing similar requests. Fed. R. Civ. Proc. 5.2(e). Unlike the plaintiff in *Doe v. Epiq eDiscovery Sols., Inc.,* No. 24-CV-9880 (MKV), 2025 WL 2613826, at *7–8 (S.D.N.Y. Sept. 10, 2025), Plaintiffs do not seek broad or open-ended redactions, and the information at issue has not previously been placed on the public docket. Likewise, *Windward Bora LLC v. Durkovic,* No. 22-CV-00411, 2022 WL 16702694, at *4 (E.D.N.Y. Nov. 2, 2022), supports, rather than undermines, this request because Plaintiffs seek advance Court approval before making any redactions outside those already authorized by Rule 5.2.

Consistent with Section 10(C)(iii), Plaintiffs plan to publicly file the declarations and attachments with the proposed redactions and contemporaneously file under seal unredacted copies highlighting each redaction.

Plaintiffs therefore respectfully request that the Court: (1) permit the proposed redactions in the attachments to the individual Plaintiffs' declarations; and (2) permit the parties to apply the same categories of redactions to future filings and supplemental declarations in this action, subject to the procedures set forth in Section 10(C)(iii).

Respectfully submitted,

*/s/ Joanna Elise Cuevas Ingram*
Joanna Elise Cuevas Ingram (JC2704)
Tanya Broder*
Efrén C Olivares*
Elizabeth Choo
NATIONAL IMMIGRATION LAW CENTER
P.O. Box 34573
Washington, D.C. 20043
(213) 377-5258
cuevasingram@nilc.org

broder@nilc.org
olivares@nilc.org
choo@nilc.org

* *Admitted Pro Hac Vice*

*Attorneys for Plaintiffs*

cc: Counsel of record via ECF