UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CATHOLIC LEGAL IMMIGRATION NETWORK, INC. (CLINIC), et al.,

*Plaintiffs*,

v.

MARCO RUBIO, in his official capacity as Secretary of State, and the UNITED STATES DEPARTMENT OF STATE,

*Defendants*.

Civil Action No. 1:26-cv-00858-JAV

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' motion, the parties' submissions, the arguments of counsel, and the entire record in this action, the Court finds that Plaintiffs have established the requirements for a stay of agency action under 5 U.S.C. § 705, and preliminary injunctive relief. Plaintiffs have demonstrated a likelihood of success on their claims that the Consular Processing Cable, Public Charge Directives, and Review and Override Policy are arbitrary and capricious, and/or were issued without observance of procedure required by law. Plaintiffs have also demonstrated irreparable injury absent relief; that the balance of equities favors interim relief; and that such relief is in the public interest. Accordingly, it is HEREBY ORDERED as follows:

1. **Definitions.** For purposes of this Order:

    a. "Consular Processing Cable" means the Department of State cable issued November 6. 2025, 26 STATE 102426 (Ex. AB).

b. "Public Charge Directives" means the Department of State directives and instructions implementing or operationalizing the November 6, 2025, Consular Processing Cable's public-charge standards, including, but not limited, to 26 STATE 80666 (Aug. 15, 2026) (Ex. AC); 26 STATE 86164 (Sept. 1, 2026) (Ex. AD); 26 STATE 88862 (Sept. 10, 2026) (Ex. AE at 3) (directing posts in all immigrant visa cases to complete a new public charge worksheet, comprehensive training on new public-charge tools, and encouraging re-interviews of remanded applicants); and 26 STATE 89798 (Sept. 14, 2026) (Ex. AF), including the requirements to use the new public-charge worksheet and to apply the new public-charge standards, as well as any subsequent instructions imposing those same substantive standards or requirements.

c. "Review and Override Policy" means the new mandatory categorical managerial and centralized electronic review procedures established through 26 STATE 89798 (Sept. 14, 2026), (Ex. AF); September 8, 2026 Armstrong Decl. (Ex. AH also *available at* ECF 96-1 ¶¶ 12-17); September 21, 2026 Armstrong Decl. (Ex. AI, also *available at* ECF 107-6 ¶¶ 8 9); October 5, 2026 Armstrong Decl. (Ex. AJ, also *available at* ECF 114-1, ¶¶ 4-7); *see also Medani v. Trump*, No. 26-cv-06332 (EJD) (Ex. AK, also *available at* ECF 126 at 3-4); and the September 21, 2026 "Message to Posts: Updated Guidance on IV and DV Pause Vacatur" (Ex. AG, *also available* at ECF 114-3), including procedures requiring additional review after a consular officer has determined that an applicant is eligible for an immigrant visa or has authorized visa issuance, and

authorizing that review to delay issuance, direct reconsideration, spoil a visa, or cause its revocation.

2. **APA stay.** Pursuant to 5 U.S.C. § 705, the effectiveness of the Consular Processing Cable, Public Charge Directives, and the Review and Override Policy is stayed pending final judgment in this action or further order of this Court.

3. **Preliminary injunction.** Defendants, their officers, agents, employees, representatives, and all persons acting in concert or participation with them who receive actual notice of this Order are preliminarily enjoined from implementing, applying, enforcing, relying on, or giving effect to the Consular Processing Cable, Public Charge Directives, or the Review and Override Policy.

4. **Affidavits of support.** Defendants may not require, direct, encourage, or permit adjudicators to disregard, discount, or reassess a properly submitted Form I-864 Affidavit of Support based on a sponsor's or joint sponsor's past or current receipt of means-tested public benefits, except as otherwise authorized by governing law, valid regulations, the FAM, and valid guidance other than the Public Charge Directives.

5. **No mandatory worksheets, reinterviews, or additional screening under the stayed policies.** Defendants may not require consular officers, personnel or immigrant-visa applicants to complete or use the new public-charge worksheet identified in 26 STATE 80666 and 26 STATE 88862, or require public-charge documentation, screening, or repeat interviews for purposes of applying the stayed Public Charge Directives. Defendants may not delay visa adjudications based solely on the Directives. Nothing in this Order prohibits narrowly tailored requests for information genuinely necessary to adjudicate an individual application under applicable statutes, regulations, the FAM

and valid guidance other than the Consular Processing Cable or the Public Charge Directives.

6. **No review or override of favorable determinations under the challenged policy.** Defendants may not subject a consular determination of eligibility or other immigrant-visa determination favorable to the applicant to the new mandatory categorical managerial or centralized electronic review procedures established by the Review and Override Policy.

7. **Individualized adjudication required.** Defendants shall adjudicate immigrant-visa applications on an individualized, case-by-case basis consistent with 8 U.S.C. §§ 1182(a)(4), 1201(g), and 1202(b); 22 C.F.R. §§ 40.6 and 42.81; and the currently operative public-charge guidance in 9 FAM 302.8-2, without applying or giving effect to the stayed policies.

    a. **Previously affected cases.** For immigrant-visa applications that were refused, delayed, returned to administrative processing, required to undergo a repeat interview, or subjected to additional public-charge documentation or review pursuant to the Public Charge Directives or Review and Override Policy, Defendants shall reconsider and adjudicate those applications in accordance with the governing statutes, regulations, and the current Foreign Affairs Manual, mindful of the provision in Section 237 of Public Law 106-113, codified as a note to 8 U.S.C. § 1201, that "[i]t shall be the policy of the Department of State to process immigrant visa applications of immediate relatives of United States citizens and nonimmigrant K–1 visa applications of fiancés of United States citizens within 30 days of the receipt of all necessary

documents" and that "[i]n the case of an immigrant visa application where the sponsor of such applicant is a relative other than an immediate relative, it should be the policy of the Department of State to process such an application within 60 days of the receipt of all necessary documents" *see* Pub. L. 106–113, div. B, § 1000(a)(7), Nov. 29, 1999, 113 Stat. 1536; *see also* 9 FAM 504.7-2(b), without applying, relying upon, or giving effect to the stayed policies. Nothing in this Order requires a specific outcome in that reconsideration.

8. **Scope.** This Order applies to Defendants' administration of all immigrant-visa (IV) adjudications and diversity visa (DV) adjudications, including adjudications involving Plaintiffs, African Communities Together (ACT) members, CLINIC affiliates and clients subject to the challenged policies.

9. **Notice Requirement.** Within three (3) days of this Order, Defendants shall transmit written instructions to all consular posts notifying them of the Court's Order and this Stay, and directing them to cease implementing the stayed policies, including by:

   (a) ceasing categorical use of the new "public charge" worksheet, new public charge screening tools, new document requests and repeat "public charge" re-interviews for all IV and DV applicants;

   (b) ceasing any delays in IV and DV adjudications attributable to the Consular Processing Cable, Public Charge Directives. and Review and Override Policies; and

   (c) ceasing categorical mandatory managerial and centralized review procedures, including those attributable to the mandates laid out in 26 STATE 89798 (Sept. 14, 2026), (Ex. AF) and the September 21, 2026

"Message to Posts" (Ex. AG).

10. **Mandatory Reports.** Defendants shall submit bi-weekly status reports by 5 PM on Tuesdays and Fridays, supported by a sworn declaration from someone with personal knowledge, commencing on the first Tuesday or Friday after this Order, until further order of this Court, containing the following information:

   a. Since August 15, 2026, and then since each prior status report, the number of immigrant visa grants, denials, and refusal.

   b. Since August 15, 2026, until the date of this order, the number of immigrant (IV) and diversity visa (DV) adjudications subjected to adjudication review or reconsideration under the "Review and Override Policy" specifically.

   c. Since August 15, 2026, the number of IV and DV visa adjudications categorically subject to internal review mechanisms or reconsidered by consular officers at the direction of supervisory personnel or others, as well the number of IV and DV adjudications reconsidered at a consular officer's own behest, separate and apart from the Consular Processing Cable, Public Charge Directives, and Review and Override Policy.

   d. The data in paragraphs a, b, and c shall be organized by country of nationality of each relevant visa adjudication, and by each adjudicating consulate or embassy.

   e. The number of interviews, including an itemization for the number of repeat interviews scheduled and held since August 15, 2026, pursuant to the Consular Processing Cable, Public Charge Directives, and Review and Override Policies, and then since the previous status report for immigrant visas that were

previously refused due to the Visa Ban, and whether each interview is a new interview or a re-interview of previously interviewed applicant who was already found admissible and eligible for an immigrant visa, but for the Visa Ban;

f. The status of visa adjudication for each individual Plaintiff and any individual member or client of CLINIC or ACT brought to the government's attention;

g. An expected timetable for when all relevant visas previously subject to the stayed Consular Processing Cable, Public Charge Directives, and Review and Override Policy will be finally adjudicated, updated in each status report, mindful of the provision in Section 237 of Public Law 106-113, codified as a note to 8 U.S.C. § 1201, that "[i]t shall be the policy of the Department of State to process immigrant visa applications of immediate relatives of United States citizens and nonimmigrant K–1 visa applications of fiancés of United States citizens within 30 days of the receipt of all necessary documents" and that "[i]n the case of an immigrant visa application where the sponsor of such applicant is a relative other than an immediate relative, it should be the policy of the Department of State to process such an application within 60 days of the receipt of all necessary documents." *See* Pub. L. 106–113, div. B, § 1000(a)(7), Nov. 29, 1999, 113 Stat. 1536; *see* 9 FAM 504.7-2(b);

11. **Certification of Compliance** Within three (3) days of this Order, Defendants shall file a declaration from an officer with personal knowledge of the steps taken to implement this Order.

12. For all named Plaintiffs and CLINIC and ACT's members and clients brought to their attention, the government shall:

a. Complete all individual Plaintiff adjudications within 30 days of the visa applications being "documentarily qualified," consistent with the status quo ante as it existed prior to implementation of the Visa Ban on January 21, 2026.

b. If any individual Plaintiff's application is not documentarily qualified, inform Plaintiffs within three (3) days of this order what documents are missing or need updating. *See* Ex. AH, ECF 96-1 (representing that Defendants will "notify applicant to request missing documents").

13. **No bond.** No bond shall be required under Federal Rule of Civil Procedure 65(c).

SO ORDERED.

_____________________________
Hon. Judge Jeannette A. Vargas

**CERTIFICATE OF SERVICE**

I, Erez Reuveni, hereby certify that on November 23, 2026, I filed the foregoing Document with the Clerk of the Court for the United States District Court for the Southern District Court of New York using the CM/ECF system. Notice of this filing is being sent by operation of the Court's electronic filing system to all counsel of record who are registered CM/ECF users. I have also emailed counsel of record for Defendants.